Wallace GANT, Jr., Appellant,

v.

Edward C. BINDER, Adjutant General, Nebraska Army-Air National Guard; State of Nebraska; Robert Kerry, Governor of Nebraska; Lloyd Johnson, Brig. General, Chief of Staff NEANG; Richard Bertrand, Colonel and Commander, NEANG; James F. McMurray, Major, Base Services Officer, NEANG; Richard Wade, Executive Support Staff Officer, NEANG, and James F. Bryant; Vincent D. Brown; Robert M. Courtney; Mary J. Kight; Lowell D. Closner; Randolph M. Scott; Kenneth W. Orr; Jerome E. Dickey; Members of the Nebraska Enlisted Selective Retention Appeals Board; individually and in their official capacities, Appellees.

Wallace GANT, Jr., Appellee,

v.

Edward C. BINDER, Adjutant General, Nebraska Army-Air National Guard, Appellant,

State of Nebraska; Robert Kerry, Governor of Nebraska; Lloyd Johnson, Brig. General, Chief of Staff NEANG; Richard Bertrand, a Colonel and Commander, NEANG; James F. McMurray, Major, Base Services Officer, NEANG; Richard Wade, Executive Support Staff Officer, NEANG; and James F. Bryant; Vincent D. Brown, Robert M. Courtney; Mary J. Kight; Lowell D. Closner; Randolph M. Scott; Kenneth W. Orr; Jerome E. Dickey, Appellants.

Nos. 84–2477, 84–2525.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1985.

Decided June 28, 1985.

Clyde A. Christian, Omaha, Neb., for appellant.

Bernard L. Packett, Asst. Atty. Gen., and Paul W. Madgett, Omaha, Neb., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Wallace Gant, Jr. appeals from a judgment of the district court[1] dismissing his

---

1. The Honorable Robert Van Pelt, Senior District Judge, United States District Court for the District of Nebraska.

claims that he was denied re-enlistment in the Nebraska Army-Air National Guard (NEANG) because of his race and in violation of due process. 596 F.Supp. 757 (1984). After carefully reviewing the issues raised by Gant on appeal, we find that:

■ (1) The district court had jurisdiction to address Gant's disparate treatment[2] claim under 42 U.S.C. § 1981. *Taylor v. Jones*, 653 F.2d 1193 (8th Cir.1981). Accordingly, we need not decide whether there was jurisdiction for the disparate treatment claim under 42 U.S.C. §§ 1982, 1983, 2000d or 2000e. *See Chappell v. Wallace*, 462 U.S. 296, 305 n. 3, 103 S.Ct. 2362, 2368 n. 3, 76 L.Ed.2d 586, 594 n. 3 (1983).

■ (2) The district court did not clearly err in finding that race was not a factor in NEANG's decision to revise Air National Guard Regulation (ANGR) 39-06, *as amended by* TAG-NE Supplement 1, and to "non-retain" Gant under this revised regulation.

■ (3) Assuming without deciding that we have jurisdiction to review Gant's due process claim, *cf. Chappell*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586, the court did not err in finding that Gant was accorded all the process that was due in his non-retention "without cause" and with retirement benefits under ANGR 39-06, *as amended by* TAG-NE Supplement 1, *see e.g., Navas v. Gonzalez Vales*, 752 F.2d 765, 768 (1st Cir.1985).

■ The district court did not abuse its discretion in refusing to order appellee's counsel to recuse himself.

Affirmed. *See* 8th Cir. Rule 14.

2. Gant's brief on appeal suggests that he also raised a disparate impact claim. However, we agree with the district court that Gant's complaint does not present a disparate impact claim. Rather, Gant tried to prove his disparate treatment claim by showing the presence of a racially discriminatory atmosphere at NEANG.