George S. **PETRICK**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 111–86C.

United States Claims Court.

July 22, 1987.

Gary A. Beahm, San Antonio, Tex., for plaintiff.

John S. Groat, Washington, D.C., with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, Director, and M. Susan Burnett, Asst. Director, for defendant; Major James Kinsella, U.S. Air Force, of counsel.

## OPINION

SMITH, Chief Judge.

This case is before the court on Defendant's Motion to Dismiss pursuant to RUSCC 12(b). Plaintiff claims that his discharge from the United States Air Force is invalid because it violated his constitutional right of due process under the Fifth Amendment and was accomplished in violation of applicable Air Force Regulations. The dispute centers on the parties' conflicting interpretations of the applicable Air Force Regulation. For the reasons set forth below, the court rejects plaintiff's arguments and, accordingly, Defendant's Motion to Dismiss is granted.

### Facts

Plaintiff, George S. Petrick, held the rank of Major in the United States Air Force. In July of 1982, plaintiff was contacted about an assignment to the Air Force Research Associate Program. Plaintiff made it known to his superiors that he did not want this assignment and he wanted to be classed as a "non-volunteer" for the assignment. He was informed, however, that he had to either accept the assignment or exercise his Seven-Day Op-

tion [*] to separate himself from the Air Force. Plaintiff requested separation on August 31, 1982 with a date of separation of February 28, 1983.

In October of 1982, plaintiff reviewed the applicable Air Force Regulations (AFR) and personally determined that the assignment was voluntary and he could refuse it without having to resign. Therefore, he requested to withdraw the application for separation on December 23, 1982. The Request for Withdrawal of Date of Separation was disapproved by the Secretary of the Air Force on February 7, 1983. The reasons given for the denial were that the plaintiff's position was already filled, his career field was already well manned, and that his skills were not unique or urgently needed.

At the time Major Petrick's resignation was being processed, the Separations Operations Branch requested the Staff Judge Advocate to provide an opinion whether an assignment to the Research Associates Program was subject to the provisions of the Seven-Day Option. By letter dated January 5, 1983, Colonel Edward A. Squires advised that it was the opinion of the Judge Advocate that the Research Associates Program was subject to the Seven-Day Option policy and that the program was neither education under Air Force Institute of Technology (AFIT) nor an AFIT education policy.

Plaintiff was administratively discharged (HONORABLE) on February 28, 1983, as a result of the exercise of his Seven-Day Option. He filed an Application for Correction of Military Record on March 15, 1983, with the Board for Correction of Military Records (BCMR). Before the BCMR he claimed that he was wrongfully coerced into separating from the Air Force because he was misled into believing he could not turn down the assignment without exercising his Seven-Day Option. The application was denied without a hearing. The BCMR stated that it found no "... probable material error or injustice".

Plaintiff filed suit in this court against the United States on May 19, 1986, seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (1984) and ancillary injunctive relief 28 U.S.C. § 2202 (1948). Defendant answered with a motion to dismiss the complaint on the basis that the plaintiff's discharge was the result of his voluntary separation and, therefore, this court lacks jurisdiction to hear his claim.

### Discussion

### VOLUNTARINESS OF RESIGNATION

■ If plaintiff's separation was voluntary, then this court lacks jurisdiction to hear his claim. *Sammt v. United States,* 780 F.2d 31 (Fed.Cir.1985). *See generally, United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), *citing United States v. Wickersham,* 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906). Generally, resignations are presumed to be voluntary. *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584 (1975). *See also Covington v. Department of Health and Human Services,* 750 F.2d 937 (Fed.Cir. 1984) (retirement is presumed to be voluntary). A resignation is involuntary only when brought about by government action. Subjective feelings of duress on the part of the plaintiff absent government action, are not relevant to a determination of voluntariness. *Christie supra. See also Perlman v. United States,* 203 Ct.Cl. 397, 490 F.2d 928 (1974) (retirement held involuntary as a result of government action); *McGucken v. United States,* 187 Ct.Cl. 284, 407 F.2d 1349 (1969), *cert. denied,* 396 U.S. 894, 90 S.Ct. 190, 24 L.Ed.2d 170 (1969) (external coercion and duress make a resignation involuntary and not internal misconceptions). The fact that an individual is faced with inherently unpleasant alternatives does not make his or her choice involuntary. *Christie* and *Covington supra.* But a resignation is involuntary if brought on by agency misrepresentation that an employee or soldier relies upon. *Christie supra. See also Covington supra* (retire-

---

[*] The Seven-Day Option AFR 36–20 gives the individual the choice to remain on active duty by accepting the assignment or leave the Air Force.

ment based on agency misrepresentation or deception is involuntary); *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed.Cir.1983) (retirement involuntary if plaintiff shows a reasonable person would have been misled by agency statements).

Plaintiff's only possible basis for a claim of involuntary resignation is that his separation was based upon misrepresentation on the part of the Air Force, but this is unsupported. Plaintiff was told he either had to accept his new assignment or exercise his Seven-Day Option to separate from the Air Force under AFR 36–20, paragraph 3–17. Plaintiff claims that the Research Associate Assignment is not subject to the Seven-Day Option and that therefore, he resigned based upon a misrepresentation.

■ Under AFR 36–20, paragraph 3–17, an officer has seven days in which to accept an assignment or to apply for separation. However, AFR 36–20, paragraph 3–17(a)(1) states that this "... does not include those education courses or programs where the governing directive permits the officer to decline the selection or nomination without prejudice (ASTRA, education under AFIT, fellowships, scholarships, grants, and other similar programs)." The Research Associates Program is under AFIT, but in order to fall within the exception it must be *education under AFIT*. Plaintiff argues that the Research Associates Program is education under AFIT and under AFM 50–5 it is a voluntary program that can be turned down without prejudice.

However, it appears that, as the defendant argues, this program is not education under AFIT and therefore, it is subject to the Seven-Day Option. In AFITR 53–1, paragraph 12–1, the Research Associates Program is described as a program by which the Air Force learns of current ideas on strategy through the Research Associates. The Research Associates are therefore involved in gathering research for the Air Force and are not engaged in being educated by the program. Supporting this, AFITR 53–1 refers to "the non-student nature of the assignments" when it refers to this program.

■ In addition, the BCMR requested an opinion on this matter from the Air Force which was responded to by a memorandum dated January 5, 1983 from Colonel Edward A. Squires, Staff Judge Advocate. This memorandum stated that the Research Associates Program was not education under AFIT and that, therefore, the plaintiff was subject to the Seven-Day Option. When there is a question of construing an administrative statute, a court should defer to the administrative construction unless it is clearly erroneous. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). *Accord Commodity Futures Trading Commission v. Schor*, 478 U.S. ——, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986); *Zenith Radio Corp. v. United States*, 437 U.S. 443, 98 S.Ct. 2441, 57 L.Ed.2d 337 (1978); *Melamine Chemicals, Inc. v. United States*, 732 F.2d 924 (Fed. Cir.1984); *Honeywell, Inc. v. United States*, 228 Ct.Cl. 591, 661 F.2d 182 (1981); *Telemedial Corp. v. F.C.C.*, 697 F.2d 402 (D.C.Cir.1983); *Planning Research Corp. v. United States*, 4 Cl.Ct. 283 (1983). The Air Force's position as stated in Colonel Squires memorandum was reasonable and highly persuasive; therefore, this court has no basis for substituting its own or plaintiff's interpretation for that given by the staff Judge Advocate. Further, plaintiff has provided no basis for questioning the Air Force's interpretation other than his disagreement with it.

This case differs from *Scharf supra* in that here plaintiff was a competent personnel specialist who knew the rules. He was given correct information unlike the plaintiff in *Scharf*. As a personnel specialist, plaintiff's own initial concurrence with the Air Force's interpretation of the applicability of the Seven-Day Option adds force to the reasonableness of the Air Force's interpretation.

■ Plaintiff has alleged no facts that would take his resignation out of the realm of voluntary action. Nothing in plaintiff's argument or in the record supports a lack of voluntariness. Therefore, this court finds that plaintiff's separation was volun-

tary and thus bars this court from entertaining his claim.

## REQUEST TO WITHDRAW RESIGNATION

 Plaintiff also claims that his separation was invalid because the Secretary of the Air Force wrongfully denied his request to withdraw his application for separation. The Secretary's decision should be sustained unless it is arbitrary or capricious. This view was set out by the Court of Claims in *Cole v. United States*, 231 Ct.Cl. 702, 689 F.2d 1040 (1982), *further proceedings*, 10 Cl.Ct. 529 (1986), where the Court of Claims upheld the regulation that allowed the Secretary of the Army to deny a request to withdraw a resignation. The court stated that "the Secretary can exercise discretion to accept or not, and allow the withdrawal or not, and his decision will be sustained if not arbitrary and capricious and contrary to law." In addition, plaintiff must overcome the presumption that officials act correctly, honestly, and in good faith. *Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804 (1979); *Connolly v. United States*, 1 Cl.Ct. 312, 554 F.Supp. 1250 (1982), *cert. denied* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1983).

As shown above, plaintiff either had to accept the position or separate from the Air Force. The only reason that plaintiff wanted to withdraw his resignation was that he believed he could turn down the assignment without exercising the Seven-Day Option. This position, as noted above, was incorrect. Therefore, the Secretary was correct in refusing to allow plaintiff to withdraw his resignation.

Plaintiff cited no basis for finding that the Secretary's decision was arbitrary or capricious or an abuse of discretion. It is not the role of a court to second guess critical armed services management decisions absent compelling reasons for doing so. In this case no reasons, compelling or otherwise, have been given to overturn the Secretary's decision. In the absence of such compelling reasons or some valid legal claim it would be the height of presumption to make Air Force management decisions from even a well grounded judicial bench.

### Conclusion

Based upon the foregoing reasons, the court grants Defendant's Motion to Dismiss.

IT IS SO ORDERED.

COSTS AWARDED TO THE DEFENDANT.