Wallace GANT, Plaintiff–Appellee,

v.

The UNITED STATES, Defendant–Appellant.

No. 90–5048.

United States Court of Appeals, Federal Circuit.

Oct. 31, 1990.

Thom K. Cope, Bailey, Polsky, Cope & Wood, Lincoln, Neb., argued, for plaintiff-appellee.

James M. Kinsella, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellant. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief, was Captain Paul C. Clark, Office of Judge Advocate Gen., Dept. of Air Force, Washington, D.C., of counsel.

Before NIES, Chief Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

The United States appeals from the judgment of the United States Claims Court in *Gant v. United States*, 18 Cl.Ct. 442 (1989), holding that Wallace Gant, a former Senior Master Sergeant in the Nebraska Air National Guard (NEANG), was entitled to an award of additional retirement pay based on a corrected date of retirement of April 15, 1983 rather than September 1, 1984. The Claims Court determined that the refusal of the Air Force Board for Correction of Military Records (AFBCMR) to correct Gant's records to reflect the earlier retirement date was arbitrary and capricious. We reverse.

I

The facts of this case are detailed in the opinion of the Claims Court and need only be summarized here. Gant was involuntarily discharged from active status with the NEANG on April 15, 1983 at the end of his term of enlistment, when he was not selected for retention. Believing that his discharge was racially motivated, Gant

filed suit in the United States District Court for the District of Nebraska seeking an injunction to enjoin the discharge. Gant's request for a preliminary injunction was denied by the district court in July, 1983 and, following a trial on the merits, Gant's request for a permanent injunction was also denied. The district court's decision was later affirmed by the United States Court of Appeals for the Eighth Circuit on June 28, 1985. *See Gant v. Binder,* 766 F.2d 358 (8th Cir.1985).

Although Gant was entitled, under 10 U.S.C. § 8914 (1988), to apply for voluntary retirement status immediately following his discharge,[1] he chose not to do so in order to avoid creating the impression that he agreed with or consented to the discharge action. Gant enlisted in the Air Force Reserve in July, 1984 and, on July 21, 1984, he finally applied for voluntary retirement status. Following approval of his application, Gant was placed in retirement status on September 1, 1984, at which time he began to draw retirement pay.

In February, 1986, Gant filed an application with the AFBCMR requesting that his military records be corrected to reflect his date of retirement as April 15, 1983, the date of his involuntary discharge from the national guard, rather than September 1, 1984. Gant claimed that, pursuant to 10 U.S.C. § 1552 (1988), such a correction was "necessary to correct an error or remove an injustice." In July, 1988, the AFBCMR denied Gant's application based on a conclusion that there was insufficient evidence of probable error or injustice. Gant thereafter timely filed a complaint in the Claims Court requesting correction of his records and $21,845 in back retirement pay. In response to the parties' cross-motions for summary judgment, the Claims Court determined (1) that it had jurisdiction, pursuant to 10 U.S.C. § 1552, to review a claim that the AFBCMR had failed to remove a prejudicial injustice, and (2) that the

AFBCMR's refusal to correct Gant's records was arbitrary and capricious.

II

The statutory provision here at issue, 10 U.S.C. § 8914 (1988), plainly states that "an enlisted member of the Air Force who has at least 20, but less than 30, years of service ... may *upon his request,* be retired." (Emphasis added.) The specific form to be submitted as part of such a retirement request is prescribed in the Air Force regulations, AFR 35–7, paragraph 1–5. Although Gant was eligible to request retirement at the time of his discharge on April 15, 1983, he voluntarily chose not to make the statutorily required request until July 21, 1984, when he filed his AF Form 1160 retirement application. The AFBCMR considered this fact to be dispositive and thus concluded that the evidence submitted in the case did not demonstrate the existence of probable error or injustice correctable under 10 U.S.C. § 1552:

> Applicant had the option to retire on 1 May 1983 at the time he first became eligible. Inasmuch as he chose voluntarily not to retire at that time, we find no error or injustice on the part of the Air Force with regard to the applicant's retirement date.

AFBCMR No. 86–01705 at 3 (Apr. 2, 1987).

Nevertheless, the Claims Court determined that the refusal of the AFBCMR to correct Gant's record to reflect the earlier retirement date was arbitrary and capricious:

> The undisputed facts here indicate that plaintiff was both eligible and entitled to retirement benefits on April 15, 1983, and would have undoubtedly filed to receive them if it had not been for the circumstances which led him to believe that he had been discharged as a result of a discriminatory motive by the NEANG. That he would have received these benefits has been expressly ac-

---

1. At the time of his discharge, Gant had completed 28 years and 7 days of service with the NEANG for basic pay and 24 years and 26 days for retirement purposes.

knowledged by the defendant, both by word and by action. To acknowledge plaintiff's entitlement to retirement and then deprive him of that right cannot truly be viewed as anything less than an obvious injustice. The AFBCMR's subsequent refusal to order the correction indicates a failure to grasp the fundamental nature of the harm here and the need for a remedy.

18 Cl.Ct. at 453.

While the Claims Court's analysis arguably has equitable appeal, the language of section 8914 is plain. Gant was required to make a "request" for retirement; his eligibility for retirement benefits, standing alone, is insufficient. *See Schweiker v. Hansen*, 450 U.S. 785, 790, 101 S.Ct. 1468, 1471–72, 67 L.Ed.2d 685 (1981) (retroactive Social Security benefits denied to respondent, although she was eligible for the benefits, because she had not filed the required written application). The AFBCMR's decision was based on the undisputed fact that Gant voluntarily chose not to request retirement until July 21, 1984. Since the statute and regulation plainly require that a request and application be filed for retirement, the AFBCMR's refusal to award Gant an earlier retirement date was not arbitrary and capricious. We therefore conclude that the Claims Court erred in its holding to the contrary.[2]

REVERSED.

---

**2.** We have considered the government's other arguments and find them unpersuasive.