Gregory V. BROWN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–1261C.

United States Court of Federal Claims.

Dec. 30, 1993.

**228**

Gregory V. Brown, plaintiff pro se.

William C. Peachy, U.S. Dept. of Justice, Civ. Div., with whom was Stuart M. Gerson, Asst. Atty. Gen., for defendant.

## OPINION

SMITH, Chief Judge

This case is before the court on defendant's motion to dismiss. Plaintiff seeks declaratory and injunctive relief from discharge[1] from the United States Army, all payments and allowances to which he would have been entitled had he remained in active duty status, honorable discharge, and medical retirement benefits. Alternatively, plaintiff seeks reinstatement to active duty, retroactive promotion to the rank of Captain, back pay and allowances, and restoration of flight status.

The government has filed a motion to dismiss, claiming that (1) because plaintiff's resignation was voluntary this court lacks subject-matter jurisdiction to hear plaintiff's

claim, and (2) the ABCMR's decision denying plaintiff of the relief requested was not arbitrary, capricious, contrary to law or unsupported by substantial evidence. After careful consideration of the briefs filed by both parties, and after oral argument, the court must grant defendant's motion.

## FACTS

Plaintiff was appointed a reserved commissioned officer of the United States Army in 1983, and was promoted to First Lieutenant in May, 1986. Plaintiff applied for, and was ordered to, active duty on July 10, 1986. Plaintiff was to remain in active duty for a period of three years.

In August 1987, plaintiff received an adverse Officer Efficiency Report ("OER"). In September 1987, plaintiff received nonjudicial punishment under the provisions of Article 15 of the Uniform Code of Military Justice, 10 U.S.C. § 815, for failure to be at his place of duty, dereliction of duties, and disobedience of a lawful order. The following December plaintiff was not selected for continued service on active duty in conditional voluntary indefinite ("CVI") status.[2]

On June 28, 1988, charges of assault, disobedience, destruction of private property, fraternization, unlawful entry, false statements, adultery, communication of threats and obstruction of justice were brought against plaintiff. Following a pretrial investigation which included testimony of several witnesses, the investigating officer recommended trial by general court martial.

On July 27, 1988, plaintiff voluntarily offered his "resignation for the good of the Service under the provisions of Chapter 5, AR 635–120."[3] Plaintiff's resignation was accepted on September 2, 1988.

---

1. Plaintiff was discharged from the United States Army under "other than honorable conditions."

2. Reserve officers ordinarily serve for a specified period of time on active duty. Prior to termination of the officer's initial tour of duty, the officer may request an extension beyond the initial tour obligation. CVI is the first of three categories of career status. An officer accepted for CVI status incurs an additional service obligation of one year computed from the termi-

nation of the initial term of service. Army Regulation ("AR") 135–215, chpt. 1.

3. Under AR 635–120, paragraph 5–1, an officer may seek to avoid trial by court martial by submitting a letter of resignation for the good of the Service. A resignation for the good of the service is normally regarded as being under other than honorable conditions. AR 635–120, para. 5–7.

On October 12, 1988, plaintiff submitted a "Request for Exception to Policy to Withdraw Resignation Request/Promotion Reconsideration." Plaintiff cited three reasons for his request: (1) he originally tendered his resignation because his counsel had advised him that he would lose the court martial; (2) he did not receive fair consideration for selection for continued active duty because his records were allegedly improperly "flagged;" [4] and (3) he anticipated receipt of an honorable discharge, rather than the "other than honorable" discharge." The Officer Personnel Management Special Review Board denied plaintiff's request, and plaintiff was discharged "under other than honorable conditions" on November 16, 1988.

On October 27, 1989, plaintiff applied to the Army Board for the Correction of Military Records ("ABCMR") [5] for an upgrade to honorable discharge, correction of his discharge date, and back pay and allowances. The ABCMR denied plaintiff's application, finding that "[t]he facts in this case clearly show that his rights were not violated, that he was properly discharged on 16 November 1988, and he is not due back pay and allowances." Govt.App. at 78–84. Plaintiff appealed to this court on July 5, 1991.

### DISCUSSION

### SUBJECT–MATTER JURISDICTION

 The United States enjoys immunity from suit unless Congress expressly provides otherwise. *United States v. Shaw*, 309 U.S. 495, 500, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). When Congress authorizes suit against the United States, the terms of the statute waiving sovereign immunity define the extent of the court's jurisdiction and must be strictly construed. *Block v. North Dakota ex rel. Board of University and School Lands*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983). Courts may not reach beyond the scope of congressional consent "no matter how beneficial they may deem, or in fact might be, their

possession of a larger jurisdiction over the government." *Schillinger v. United States*, 155 U.S. 163, 166, 15 S.Ct. 85, 86, 39 L.Ed. 108 (1894).

 The relevant statute conferring jurisdiction upon the Court of Federal Claims is the Tucker Act, 28 U.S.C. § 1491 (1982). The Tucker Act grants this court the power to hear "any claim against the United States founded upon either the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." A serviceman's claim that he was improperly separated from federal service is within this court's Tucker Act jurisdiction. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Sanders v. United States*, 594 F.2d 804, 219 Ct.Cl. 285 (1979). To state a cause of action, a serviceman must establish that he is entitled to money he would have received but for some illegal action on the part of government personnel. *United States v. Testan; Gant v. United States*, 918 F.2d 168 (Fed.Cir.1990), *cert. denied*, 498 U.S. 1107, 111 S.Ct. 1013, 112 L.Ed.2d 1095 (1991). It logically follows, therefore, that where a serviceman's separation from the service is due to his voluntary resignation, this court lacks jurisdiction to hear his claim. *See Sammt v. United States*, 780 F.2d 31, 33 (Fed.Cir.1985).

1. Voluntary Nature of Plaintiff's Resignation

 Plaintiff has conceded that on July 27, 1988 he voluntarily tendered his resignation from the Army. In his letter of resignation, plaintiff stated that he was "voluntarily tender[ing]" his resignation from the Army "for the good of the service under the provisions of Chapter 5, AR 635–120." Plaintiff also stated that he had been advised by counsel in this matter and that he had not been subject to coercion with respect to his decision.

---

**4.** "Flagging" refers to an indication of the initiation of an unfavorable action or investigation against a soldier by military or civilian authorities.

**5.** The ABCMR, established by the Secretary of the Army pursuant to 10 U.S.C. § 1552, grants the board the authority to correct any military record when the board considers it necessary to correct an error or remove an injustice.

Plaintiff contends however, that because, acting on the advice of his attorney, he tendered his resignation in lieu of facing a court-martial, his resignation was not voluntary.

In *Sammt,* the United States Court of Appeals for the Federal Circuit rejected an argument similar to that now made in this case. Plaintiff, a Major in the United States Army who had twice been passed over for promotion to Lieutenant Colonel, learned that if he did not voluntarily tender his resignation, he would be placed on the Army's retired list. Plaintiff, wanting to avoid placement on the mandatory retirement list, requested that he be "relieved from active duty and assignment." The request was granted and plaintiff was retired three months later. When plaintiff later brought suit in the United States Claims Court,[6] the court concluded that it had jurisdiction. The court held that, although plaintiff's resignation was voluntary in fact, because it was mandated by statute[7] it must be deemed involuntary.

The Court of Appeals for the Federal Circuit reversed. Stating that "the exercise of an option to retire is not rendered involuntary by the imminent imposition of a less desirable alternative," the court dismissed the case for lack of jurisdiction. *Sammt* at 32 (citing *Griessenauer v. Dept. of Energy,* 754 F.2d 361, 364 (Fed.Cir.1985).)

 Likewise, the fact that plaintiff in this case was required to choose between submitting a voluntary resignation and facing court-martial does not render his deliberate, uncompelled resignation involuntary. Employee resignations are generally presumed voluntary. *See Christie v. United States,* 518 F.2d 584, 207 Ct.Cl. 333, 338 (1975). To overcome this presumption, plaintiff must produce sufficient evidence that the resignation was submitted under duress caused by

government action. *Leone v. United States,* 204 Ct.Cl. 334, 339, 1974 WL 21683 (1974). Duress exists when (1) one party involuntarily accepts the terms of another; (2) the circumstances permit no other alternative; and (3) the circumstances were the product of coercive acts on the part of the other party. *Id.* at 339 (citing *Fruhauf Southwest Garment Co. v. United States,* 111 F.Supp. 945, 126 Ct.Cl. 51, 62 (1953)).

Plaintiff has not produced sufficient evidence to meet this burden. First, plaintiff admits that his resignation was voluntary.[8] This voluntary resignation was tendered, not on any terms imposed by his superiors, but rather, on those terms and conditions he chose to set forth in his resignation letter. Second, plaintiff does not establish that the circumstances left him no reasonable alternative to resignation. He could have chosen to appear before a court-martial and face the impending charges against him. Instead he elected to resign from the service. Third, plaintiff does not dispute that he was court martialed for the legitimate purpose of imposing criminal sanctions, rather than for the purpose of inducing his resignation. Accordingly, plaintiff can not establish that duress played any part in his decision to resign. *See Pitt v. United States,* 420 F.2d 1028, 190 Ct.Cl. 506, 514–15 (1970).

### 2. Effect of Withdrawal of Resignation

 Plaintiff contends that because, on October 12, 1988, he attempted to withdraw his resignation, his resignation must be deemed involuntary. Plaintiff fails to recognize, however, that his request for a withdrawal had no effect upon his prior resignation. First, the decision to deny or accept a withdrawal of resignation from service rests solely within the discretion of the Army. *See Cole v. United States,* 689 F.2d 1040, 231 Ct.Cl. 702, 704 (1982). In this case, plaintiff's

---

6. Plaintiff claimed that he had been improperly passed over for a promotion and requested a judgement awarding him back pay and allowances.

7. Under 10 U.S.C. § 3303(d) (1976), an officer who was twice not selected for promotion to the next highest grade was required to retire if eligible for retirement or be honorably discharged. Under 10 U.S.C. § 3913 (1976), an officer with 20 years of service shall be retired if not promot-

ed under section 3303. Plaintiff, who had over 23 years of service, was therefore required to be retired.

8. On page 4 of Plaintiff's Objection to Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgement, January 15, 1992, plaintiff states, in reference to his resignation, that he "recognizes that this decision was a voluntary one"

request was denied because the Army determined that "[t]he factors presented did not justify approval of [the] request as an exception." Govt.App. at 65. This decision must be granted substantial deference. Second, even if the Army had determined that plaintiff's case presented reason to grant an exception and withdraw his prior termination, plaintiff's request was untimely. Plaintiff's voluntary resignation was tendered in July, 1988 and accepted the following September. It was not until mid-October, however, that plaintiff submitted a "Request for Exception to Policy to Withdraw Resignation". Plaintiff's request, therefore, had no bearing upon the voluntariness of his prior resignation.

### REVIEW OF THE ABCMR'S DECISION

 Judicial review of a military board is limited. A decision may be set aside only upon a finding that it is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *Dougharty v. United States,* 27 Fed.Cl. 436, 439 (1993); *See also Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986). Plaintiff must prove by clear and convincing evidence that the board acted "in bad faith, without a rational basis, or contrary to law, by which plaintiff has been seriously prejudiced and money is due." *Arens v. United States,* 24 Cl.Ct. 407, 415 (1991), *vacated on other grounds,* 969 F.2d 1034 (Fed.Cir.1992) (citing *Wronke,* 787 F.2d 1569, 1576). Even if the court were to disagree with the board's decision, it cannot substitute its own judgement if reasonable minds could reach differing conclusions. *Sanders v. United States,* 594 F.2d 804, 219 Ct.Cl. 285, 302 (1979) (citing *Snell v. United States,* 168 Ct.Cl. 219, 227, 1964 WL 8544 (1964).)

In light of this standard of review, the ABCMR's decision denying plaintiff's application cannot be set aside. Plaintiff has not demonstrated that the ABCMR violated the applicable standards of law or acted arbitrarily, capriciously, in bad faith or without a rational basis. The record below supports the ABCMR's findings and conclusions. Accordingly, this court must uphold the board's decision.

### CONCLUSION

For the forgoing reasons the court grant's defendant's motion to dismiss. Accordingly, the court directs the Clerk of the Court to dismiss plaintiff's complaint.

**IT IS SO ORDERED.**