**John K. TALBOT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 96–171C.**

United States Court of Federal Claims.

April 27, 1998.

Louis P. Font, Font & Glazer, Boston, MA, for plaintiff.

David M. Souders, U.S. Department of Justice, Washington, DC, with whom were Frank W. Hunger, Assistant Attorney General, and Vincent M. Garvey, Deputy Branch Director, for defendant. Lieutenant Colonel David L. Hayden and Major Douglas K. Mickle, Office of the Staff Judge Advocate, Arlington, VA, of counsel.

## OPINION

MARGOLIS, Judge.

Plaintiff brought this suit seeking back pay for constructive service in the Army and a declaratory judgment that plaintiff does not owe the United States any money for his participation in Reserve Officers' Training Corps ("ROTC"). The case is currently before the court for consideration of defendant's motion to dismiss, cross-motions for summary judgment on the administrative record, and defendant's motion for summary judgment on its counterclaim. After carefully considering the oral and written arguments of both parties, the court concludes that plaintiff's claims fall outside this court's jurisdiction. Defendant's motion to dismiss for lack of jurisdiction is therefore granted. Furthermore, because the court does not possess jurisdiction over plaintiff's claims, it lacks jurisdiction to adjudicate defendant's counterclaim.

## FACTS

As a student at Boston University, plaintiff, John Talbot, entered into an Army Senior Reserve Officers' Training Corps Scholarship Cadet Contract ("ROTC contract") on September 1, 1987. Under the ROTC contract, the Army agreed to pay for plaintiff's tuition, fees, books, supplies, and equipment during his junior and senior years in college. The Army further agreed to offer plaintiff a commission as an Army officer if he successfully completed all the requirements for commissioning. Pursuant to the ROTC contract, the Army expended $12,297.38 on plaintiff's behalf.

In early 1988, plaintiff began to miss ROTC classes and physical training sessions. In March and April 1988, plaintiff wrote lengthy, detailed letters to his ROTC commander explaining that he no longer felt that he should be a part of ROTC. On April 8, 1988, the Army placed plaintiff on Leave of Absence pending administrative action on plaintiff's enrollment in ROTC. An administrative board convened in January 1989 to consider terminating plaintiff's enrollment in ROTC. The board recommended that plaintiff be removed from the ROTC program because he willfully evaded and voluntarily breached the terms of his ROTC contract. The board also recommended that plaintiff be ordered to active duty in his enlisted Reserve status according to the terms of the ROTC contract. Subsequently, the Army terminated plaintiff's enrollment in ROTC, terminated plaintiff's ROTC scholarship, and ordered plaintiff to serve on active duty for a period of three years to satisfy the ROTC contract.

In June 1990, the Army ordered plaintiff to report to Fort Dix, New Jersey on August 20, 1990 to begin a three-year term of enlistment in the rank and grade of private. Prior to reporting for active duty, however, plaintiff sent a "petition for immediate issuance of honorable discharge from the Army because of homosexuality" to his ROTC professor of military science at Boston University and four other Army addresses. In the petition, plaintiff requested an immediate issuance of an honorable discharge from the Army to be effected consistent with Army Regulation 635–200 section 15.[1] Plaintiff attached a sworn and notarized affidavit to the petition stating that plaintiff was a homosexual consistent with the definition of homosexual in Army Regulation 635–200, section 15–2(a).

Plaintiff reported to the U.S. Army Training Center at Fort Dix, New Jersey for active duty on August 20, 1990. On September 7, 1990, plaintiff was administratively separated from the Army with an uncharacterized discharge and ordered to repay the $12,297.38 in scholarship money expended on plaintiff's behalf.

Plaintiff filed the present suit on March 28, 1996 seeking (1) a judgment that plaintiff's September 7, 1990 discharge from the Army was null and void, (2) an order that the Army pay plaintiff back pay and allowances for constructive service from September 7, 1990 to August 20, 1993, (3) a declaratory judgment that plaintiff does not owe the United States any money for his participation in ROTC, and (4) attorneys' fees and costs. Plaintiff alleges that his discharge is null and void and he is entitled to be credited with constructive military service because the Army violated the First, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution by discharging plaintiff on the basis of his homosexual status. Plaintiff further alleges that the ROTC contract between the United States and plaintiff is illegal because the contract defines misconduct to include homosexual status alone. Finally, plaintiff alleges that the United States violated 10 U.S.C. §§ 2005, 2107 and its own rules and regulations by terminating plaintiff's enrollment in ROTC, ordering him to active duty, discharging him on the basis of homosexual orientation, and requiring that plaintiff repay the scholarship money. On May 28, 1996, defendant filed a counterclaim for all money due the United States, plus interest and penalties, because of the alleged breach by plaintiff of his ROTC contract.

---

1. The Army policy regarding service by homosexuals, in effect at the time of plaintiff's request for a discharge, provided:

    Homosexuality is incompatible with military service. The presence in the military environment of persons who engage in homosexual conduct or who, by their statements, demonstrate a propensity to engage in homosexual conduct, seriously impairs the accomplishment of the military mission.

    Army Reg. 635–200, § 15–1. The policy provided for the separation of any member who has (1) engaged in, attempted to engage in, or solicited another to engage in a homosexual act, (2) stated that he or she is a homosexual or bisexual, unless there is a further finding that the soldier is not a homosexual or bisexual, or (3) married or attempted to marry a person known to be of the same biological sex. *See* Army Reg. 635–200, § 15–3(a)–(c). Finally, the Army defined a homosexual as a person who "engages in, desires to engage in, or intends to engage in homosexual acts." Army Reg. 635–200, § 15–2.

## DISCUSSION

■ The case is currently before the court for consideration of defendant's motion to dismiss, cross-motions for summary judgment on the administrative record, and defendant's motion for summary judgment on its counterclaim.[2] In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must construe the allegations in the complaint in favor of plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988); *Clifton v. United States*, 31 Fed.Cl. 593, 596 (1994), *aff'd*, 66 F.3d 345 (Fed.Cir.1995). Plaintiff, however, bears the burden of establishing jurisdiction. *See Reynolds*, 846 F.2d at 748; *Clifton*, 31 Fed.Cl. at 596. If defendant challenges the facts upon which jurisdiction is premised, the court may consider evidentiary matters outside the pleadings. *See Reynolds*, 846 F.2d at 747; *Clifton*, 31 Fed.Cl. at 596. Applying this standard to the claims at issue in the present case, the court concludes that plaintiff's claims fall outside this court's jurisdiction, and therefore the claims must be dismissed pursuant to Rules of the Court of Federal Claims ("RCFC") 12(b)(1). Because the court lacks jurisdiction over plaintiff's claims, the court must also dismiss defendant's counterclaim.

### I. Plaintiff's Claim for Back Pay

■ The United States enjoys immunity from suit unless Congress expressly provides otherwise. *See Brown v. United States*, 30 Fed.Cl. 227, 229 (1993), *aff'd*, 26 F.3d 139 (Fed.Cir.1994). "When Congress authorizes suit against the United States, the terms of the statute waiving sovereign immunity define the extent of the court's jurisdiction and must be strictly construed." *Brown*, 30 Fed. Cl. at 229; *see Block v. North Dakota ex rel. Board of Univ. & Sch. Lands*, 461 U.S. 273,

287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983). The Tucker Act, 28 U.S.C. § 1491, serves as the general congressional consent to suit in this court. *See Aetna Cas. & Sur. Co. v. United States*, 228 Ct.Cl. 146, 655 F.2d 1047, 1051 (1981); *Brown*, 30 Fed.Cl. at 229. If a service member's separation was involuntary and improper, the service member's statutory right to pay as a member of a uniformed service was not extinguished and thus can serve as a basis for Tucker Act jurisdiction. *See Adkins v. United States*, 68 F.3d 1317, 1321 (Fed.Cir.1995); *Nickerson v. United States*, 35 Fed.Cl. 581, 586 (1996), *aff'd*, 113 F.3d 1255 (Fed.Cir.1997); *West v. United States*, 35 Fed.Cl. 226, 230 (1996). If a service member's separation from the military was voluntary, however, the service member retained no statutory entitlement to compensation, and therefore no money-mandating provision would support Tucker Act jurisdiction over the claim. *See Adkins*, 68 F.3d at 1321; *West*, 35 Fed.Cl. at 230. To determine whether a separation was voluntary or involuntary, the court must examine all the surrounding facts and circumstances to test the ability of the service member to exercise free choice. *See Covington v. Department of Health & Human Servs.*, 750 F.2d 937, 941–42 (Fed.Cir.1984); *Shrader v. United States*, 38 Fed.Cl. 788, 798 (1997); *McIntyre v. United States*, 30 Fed.Cl. 207, 211 (1993). The fact that a service member is faced with inherently unpleasant, alternatives does not make the service member's separation involuntary. *See Covington*, 750 F.2d at 942; *Nickerson*, 35 Fed.Cl. at 586: *Petrick v. United States*, 12 Cl.Ct. 700, 702 (1987).

■ Plaintiff contends that the cases cited by defendant in support of its argument that plaintiff's separation from the Army was voluntary are inapplicable because the cases concern resignations and plaintiff did not resign.[3] However, not all of the cases in which

---

2. Because the court grants defendant's motion to dismiss for lack of subject matter jurisdiction, the court does not reach the cross-motions for summary judgment on the administrative record.

3. Plaintiff also argues that *Adkins v. United States*, 68 F.3d 1317 (Fed.Cir.1995), cited by defendant, supports plaintiff's position that he was involuntarily discharged. Plaintiff is mis-

taken. In *Adkins*, the court found plaintiff's retirement involuntary where plaintiff requested retirement one month before the date of his mandatory early retirement. *See Adkins*, 68 F.3d at 1319–21. The court based its decision, however, on the fact that the statute under which plaintiff was retired specified that retirement shall be considered involuntary for purposes of

the court found that a separation was voluntary involve resignations. For example, this court has found that a request for a discharge and the resulting discharge constitute a voluntary separation. *See Bruton v. United States*, 34 Fed.Cl. 347, 355 (1995), *aff'd*, 92 F.3d 1206 (1996) (stating that "[b]ecause SSG Bruton voluntarily requested a discharge after learning of the proposed bar to reenlistment, this court is not vested with jurisdiction over his claim"); *McIntyre*, 30 Fed.Cl. at 210–12 (finding that plaintiff's request for discharge and the resulting discharge was a voluntary separation from the Army). Additionally, plaintiff reads the voluntary separation cases too narrowly. The rule that this court lacks jurisdiction over suits for compensation where the service member's separation was voluntary is not limited to cases involving resignations. Rather the voluntary separation cases instruct that this court lacks jurisdiction over any back pay claim where the surrounding facts and circumstances show that the separation from service was voluntary. *See, e.g., Shrader*, 38 Fed.Cl. at 798; *McIntyre*, 30 Fed.Cl. at 211.

The court concludes that in the present case the surrounding facts and circumstances of plaintiff's departure from the Army show that the separation was voluntary. Plaintiff, exercising his own free will, volunteered that he was a homosexual and requested that the Army discharge him pursuant to Army Regulation 635–200. In light of plaintiff's affirmative decision to disclose his sexual orientation and request a discharge, the fact that the Army may have discharged plaintiff at some point in the future based on his homosexuality does not make plaintiff's separation involuntary. *See Griessenauer v. Department of Energy*, 754 F.2d 361, 364 (Fed.Cir. 1985) (finding petitioner's separation voluntary where petitioner faced probable removal unless he resigned); *McIntyre*, 30 Fed.Cl. at 211–12 (rejecting plaintiff's argument that his separation resulting from his resignation was involuntary because he merely accelerated the only possible outcome, which was to leave the service). Plaintiff had a choice. Plaintiff could have remained in the Army and faced a possible discharge for homosexuality if and when he was forced to disclose his sexual orientation. By volunteering that he was a homosexual and requesting a discharge, however, plaintiff chose to make certain that he would be discharged and discharged at the earliest possible point in his required three years of active service. The fact that plaintiff faced inherently unpleasant alternatives does not make his separation from the Army involuntary. *See Covington*, 750 F.2d at 942; *Nickerson*, 35 Fed.Cl. at 586; *Petrick*, 12 Cl.Ct. at 702. The court concludes, therefore, that plaintiff's separation from the Army was voluntary. Consequently, plaintiff's claim for back pay falls outside this court's jurisdiction and must be dismissed.[4]

## II. Defendant's Counterclaim

Defendant seeks $12,297.38, plus interest and penalties,[5] in its counterclaim for the alleged breach by plaintiff of his ROTC contract. The Court of Federal Claims possesses jurisdiction over counterclaims pursuant to 28 U.S.C. §§ 1503, 2508. *See Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 541 (Fed.Cir.1988); *Supermex, Inc. v. United States*, 35 Fed.Cl. 29, 36 (1996); *Joseph Morton Co. v. United States*, 3 Cl.Ct. 780, 782 (1983), *aff'd*, 757 F.2d 1273 (Fed.Cir. 1985). A prerequisite to this counterclaim jurisdiction is, however, the existence of a claim filed against the United States within the jurisdiction of the Court of Federal Claims. *See Triton Group, Ltd. v. United States*, 10 Cl.Ct. 128, 134 (1986), *aff'd*, 818

---

any other provision of law. *See id.* at 1321–22. *Adkins*, therefore, is limited to its particular facts.

4. Plaintiff also seeks a declaratory judgment that plaintiff does not owe the United States any money for his participation in ROTC. Except in limited circumstances not presented by this case, the Court of Federal Claims does not possess jurisdiction over claims for declaratory relief. *See Brown v. United States*, 105 F.3d 621, 624

(Fed.Cir.1997); *Yeskoo v. United States*, 34 Fed. Cl. 720, 731 n. 7, *aff'd*, 101 F.3d 715 (Fed.Cir. 1996); *Marathon Oil Co. v. United States*, 16 Cl.Ct. 332, 337 (1989). Therefore, this court cannot issue the declaratory judgment requested by plaintiff.

5. As of November 26, 1997, principal, interest, and penalties amounted to $17,868.30.

F.2d 876 (Fed.Cir.1987); *Joseph Morton Co.,* 3 Cl.Ct. at 782. When a plaintiff's claim is rejected for lack of jurisdiction, the defendant's counterclaim must be dismissed along with plaintiff's complaint, without regard to the merits of the counterclaim. *See Triton Group, Ltd.,* 10 Cl.Ct. at 134; *Joseph Morton Co.,* 3 Cl.Ct. at 783. Consequently, in the present case, the court must dismiss defendant's counterclaim because it lacks jurisdiction over plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the court concludes that plaintiff's claims fall outside this court's jurisdiction and must, therefore, be dismissed pursuant to RCFC 12(b)(1). Consequently, the court must also dismiss defendant's counterclaim. The clerk will dismiss the complaint and defendant's counterclaim. Costs for defendant.