NEWMAN, Circuit Judge,
dissenting.
The Court of Federal Claims did not have subject matter jurisdiction over this case under 28 U.S.C. § 1500, and as reinforced by the Court in United States v. Tohono O’Odham Nation, — U.S. -, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011). The judgment against the plaintiffs should be vacated, and the claims and counterclaims dismissed. From my colleagues’ contrary ruling, I respectfully dissent.
Discussion
On February 28, 2008, Robert and Yvonne Kovacevich filed this suit in the Court of Federal Claims to obtain credits or refunds of asserted tax overpayments represented by four payments to the IRS made by personal check, dated between 1991 and 2004.[1] The IRS credited the. first check, for $8,276.50, to Western Management, Inc.’s 1995 tax liability. Kovacevich v. Comm’r, 98 T.C.M. (CCH) 1, 9-10 (T.C.2009). The second and third checks, for $7,682.00 and $7,514.40, were credited to Western Management’s liability for tax year 1994. Id. at 8-9. The fourth check, for $21,985.48, was credited to Western Management’s pre-1992 tax liability. Id. at 7.
At the time of filing this suit, the plaintiffs had pending two separate but related cases in the Tax Court. The first case, Kovacevich v. Commissioner, 98 T.C.M. (CCH) 1 (T.C.2009), involved whether the IRS properly credited the four checks to Western Management’s pre-1992, 1994, and 1995 employer tax liabilities, or whether the IRS should have credited these payments to the Kovaceviches’ personal income tax liability for tax year 1992. Mr. and Mrs. Kovacevich argued that as “voluntary payments” they were entitled to have the checks credited according to their wishes, for their 1992 tax year. The IRS responded that the checks were properly applied to Western’s tax liabilities according to the Kovaceviches’ notations on the checks. The Tax Court held that the IRS properly credited the checks to Western Management’s tax liability rather than the' Kovaceviches. 98 T.C.M. (CCH) at 7-10. Mr. and Mrs. Kovacevich did not appeal.
*930 The second case, Western Management, Inc. v. Commissioner, 94 T.C.M. (CCH) 127 (T.C.2007), aff'd 314 Fed.Appx. 65 (9th Cir.2009), involved a “recalculation” of Western’s liability under 26 U.S.C. § 3402(d) for tax years 1994 and 1995 based on payments made by Mr. and Mrs. Kovacevich in their personal capacity. This case was a remand after appeal of a prior Tax Court proceeding, Western Management, Inc. v. Commissioner, 176 Fed.Appx. 778, 782 (9th Cir.2006), in which the Ninth Circuit held that Western Management was liable for unpaid employer taxes as the employer of Robert Kovacevich. On February 12, 2008, while the recalculation remand was still pending, an IRS case manager sent Robert Kovacevich a letter “relieving” Western of trust-fund-reeovery penalties for certain quarters in tax years 1994 and 1995. JA 250 (Letter from IRS to Robert Kovacevich).
Two weeks after the February 12, 2008 letter, while the 1992 income tax and Ninth Circuit remand cases were pending in the Tax Court, the plaintiffs brought the present suit seeking credits or refunds for the checks. On motion for summary judgment, the government argued that all claims by and against Western Management were barred under Section 1500 and Tohono O’Odham. The Court of Federal Claims agreed, and dismissed all claims by and against Western. W. Mgmt., Inc. v. United States, 101 Fed.Cl. 105, 114 (2011). The Kovaceviches’ personal claims, and the government’s counterclaims, were not dismissed, for the Court of Federal Claims found that the Kovaceviches did not “have another case pending in another court ‘for or in respect to’ the claims they filed as individuals.” Id.
The government then moved for summary judgment on the Kovaceviches’ personal claims, arguing they were barred by res judicata based on the Tax Court litigation re the 1992 tax year. 101 Fed.Cl. at 115. The court granted the motion, stating
the Kovaceviches were parties to the Tax Court CDP litigation regarding tax year 1992 that established the appropriateness of allocating certain of the plaintiffs’ tax payments toward WMI’s account. In that case, the Kovaceviches argued that the IRS had inappropriately credited WMI’s account with certain checks the Kovaceviches had submitted to the IRS. The Tax Court held that the IRS had treated the checks at issue properly. Kovacevich, T.C.M. (RIA) 2009-160 (Def.’s Ex. 21). In particular, the court held the following: Check number 3747, for $21,985.48, written on the account of Robert E. Kovacevich, P.S., was applied to the firm’s tax account for years preceding 1992. Check 10161, for $7682.00, written September 29, 2003, was properly allocated to WMI’s account equally between the four quarters of 1994. Check 10376, for $7514.40, dated April 28, 2004, drawn from the personal account of Robert and Yvonne Kovacevich, was credited to WMI’s account for the first quarter of 1994. Finally, check 7641, for $8276.50, was properly credited to WMI’s account for the first quarter of 1995.
Mr. and Mrs. Kovacevich are barred by the doctrine of res judicata from relitigating the issue of the appropriateness of the IRS crediting WMI’s account with the above-described payments. As the Supreme Court has explained, once parties have an opportunity to fully litigate an issue and obtain a final judgment on the merits, they may not reliti-gate that issue....

Id.

Mr. and Mrs. Kovacevich moved for reconsideration based on the undisputed fact that, contrary to the court’s discussion of *931 Section 1500 in its opinion, the 1992 case relied upon for res judicata was pending at the time they filed suit in the Court of Federal Claims. In denying reconsideration, the Court of Federal Claims admitted it “erred” in failing to recognize that the 1992 personal income tax case was pending at the time the Kovaceviches filed, but the court adhered to its ruling because the Tax Court case pertained to “a different tax year.”
Section 1500 states that “[t]he United States Court of Federal Claims shall not have jurisdiction of any claims ... in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States....” 28 U.S.C. § 1500. Under the Court’s decision in Tohono O’Odham, a suit is precluded under Section 1500 if based on “substantially the same operative facts, regardless of the relief sought in each suit.” 131 S.Ct. at 1731. The Court explained that “[cjoncentratíng on operative facts is [] consistent with the doctrine of claim preclusion, or res judicata, ... [Given the history of Section 1500] it is no surprise that the statute would operate in similar fashion.” Id. at 1730.
Guided by the Supreme Court’s discussion in Tohono O’Odham, it is not sufficient to state, as the Court of Federal Claims did here, that the Kovaceviches’ “refund” claims can be barred by res judi-cata while eluding preclusion under Section 1500. Tohono O’Odham precludes claims based on the same “operative facts.” Whether the Tax Court was presented with or considered the specific relief requested here in either the Kovaceviches’ 1992 personal income tax case or Western’s 1994-95 recalculation case, is not critical. The transactional facts are the same in the three cases regardless of the relief requested. Larson v. United States, 89 Fed.Cl. 363, 398 (Fed.Cl.2009) (“The [ ] plaintiffs have attempted to repackage their theory of refund recovery a number of times, but the underlying ‘transactional’ facts ... have remained the same.... ‘Altering the theory of recovery does not create a new claim under the transactional approach.’ ” (citations omitted)), aff'd, 376 Fed.Appx. 26 (Fed.Cir.2010).
In the 1992 personal income tax case, the IRS Appeals officer applied the $8,276 check to Western Management’s deficiency for the first quarter of 1995, and the Tax Court affirmed that crediting despite the Kovaceviches’ objection. 98 T.C.M. (CCH) at 9-10. The Tax Court found that all of the cheeks were “properly credited to years other than 1992.” Id. at 10. Although the Tax Court did not recite the particular liability of Western against which the $8,276 check was credited, the disposition of that payment was the foundation of the suit.[2] The Tax Court also held, for reasons stated by that court, that “[a]ny mistake the Appeals officer made in finding that the check was credited according to the Kovaceviches wishes is harmless error.” 98 T.C.M. (CCH) at 10.
*932 The question of whether the $8,276 was properly credited was decided by the Tax Court. The Kovaceviehes’ attempt to re-litigate those issues is barred by Section 1500.
In the Court of Federal Claims, “[w]hen a plaintiffs claim is rejected for lack of jurisdiction, the defendant’s counterclaim must be dismissed along with plaintiffs complaint, without regard to the merits of the counterclaim.” Talbot v. United States, 40 Fed.Cl. 801, 806 (Fed.Cl.1998). The Court of Federal Claims must have jurisdiction of a plaintiffs claim against the United States, or the entire suit — including the counterclaim — is a “void act.” Triton Group, Ltd. v. United States, 10 Cl.Ct. 128, 134 (1986) aff'd, 818 F.2d 876 (Fed.Cir.1987); Mulholland v. United States, 361 F.2d 237, 245 (Ct.Cl.1966).
This claim against the United States and the government’s counterclaim require dismissal under Section 1500. From my colleagues’ contrary ruling, I respectfully dissent.

. The majority states that the present litigation arises from the plaintiffs' efforts to "obtain a refund,” maj. op. at 11, but that is not entirely accurate. The Complaint requests "a credit or refund” for each of the payments. Complaint ¶¶ 16, 24, 30; id., Request for Relief ¶¶ 1-4.

. The panel majority states at footnote 3 that the Tax Court litigation did not involve Robert’s 1994 or 1995 trust-fund-recovery penalty or the corporation’s tax liability for 1994 or 1995. That is incorrect. The 1994 and 1995 tax years were at issue in the Tax Court case appealed to the Ninth Circuit and remanded to the Tax Court, and thus squarely invoke Section 1500. The Court of Federal Claims correctly applied Section 1500 to bar the claims by and against Western Management in view of those proceedings. In the case before us, the parties are Mr. and Mrs. Ko-vacevich and Western Management, all seeking refund (or credit) of payments for tax years 1992, 1994, and 1995. The same operative facts are the foundation of the suits, first in the Tax Court, now in the Court of Federal Claims. Section 1500 is directly applicable.