Peter C. COLE

v.

The UNITED STATES.

No. 259–81C.

United States Court of Claims.

Sept. 22, 1982.

David Van Os, Austin, Tex., attorney of record, for plaintiff.

Alvin A. Schall, Washington, D. C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D. C., for defendant; Robert Brittigan, Defense Nuclear Agency, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and NICHOLS and KASHIWA, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

Plaintiff is a former commissioned officer, a captain in the Regular Army. He was separated by honorable discharge March 10, 1977, under circumstances to be stated. He sues for reinstatement and back pay. Defendant moves for summary judgment and there is no cross-motion. Defendant's legal points are valid in part, but the case is not ripe for summary judgment because there are triable issues.

Plaintiff is or was during his military service a so-called "whistleblower." He made a regular practice of reporting the alleged derelictions of others, as a result of which he was not always appreciated by his superiors. In 1976 his unit, normally stationed in Texas, was deployed in Germany on a training exercise. He discovered and reported instances of what he considered mismanagement or maladministration. The reaction to this was so negative as to embitter plaintiff. Under date of June 15, 1976, he submitted to higher authority a document saying in part:

I, Peter C. Cole, Captain, Infantry (SSN 564–68–8847) hereby tender my unqualified resignation from the Army under the provisions of * * * AR 635–120, to become effective 7 January 1977 or as soon as practicable thereafter.

I desire to tender my resignation because I am convinced that the principles of duty, honor, and country are no longer a part of the U. S. Army. * * *

The regulation referred to governs resignations of officers and provides in Section 2–4 that an officer may withdraw his resignation by a request submitted through channels, with forwarding endorsements, and the withdrawal is effective only with the approval of Headquarters, Department of the Army.

Plaintiff soon repented of his resignation and attempted to withdraw it in the manner prescribed. The forwarding endorsements, however, were uniformly hostile to the withdrawal and stated variants on the idea that the Army was better off without plaintiff than with him. The withdrawal was disallowed and the resignation given effect according to its terms. Plaintiff applied to the Board for Correction of Military Records (BCMR) for reinstatement, but it held against him.

Plaintiff says the regulation is invalid because it is contrary to law, by which resignations are nullities until their effective date. He relies on our decision in *Hankins v. United States,* 183 Ct.Cl. 32 (1968) under a similar regulation. In that case, however, there was no question of invalidating the regulation itself. The holding turned on the fact that the only endorsement unfavorable to the attempt to withdraw the resignation was based on unfavorable OER's which were improper and void and so held by the BCMR. There is nothing so clear-cut here. The regulation is best construed as creating a kind of tenancy at will while an application to withdraw a resignation is passing through channels, and before the effective date of the resignation itself.

■ The Secretary can exercise discretion to accept or not, and allow the withdrawal or not, and his decision will be sustained if not arbitrary and capricious and contrary to law. Obviously the terms of the resignation itself may have a bearing on whether to allow its withdrawal, as might the circumstances under which it was offered. We do not think that a regulation giving this kind of legal effect to a pending resignation followed by an attempted withdrawal is unreasonable in the context of military life, nor is it contrary to any statutory command. If we assume arguendo that plaintiff is right that in civil life the general common law is contrary to the regulation, and treats a resignation as a nullity until it is accepted, or until its effective date, we see no reason why the Secretary cannot change this by regulation in the special context of the military career. Plaintiff referred to the regulation in his resignation; he was on at least constructive notice of its contents; and he must be presumed to have consented to have the legal effect of the resignation and its susceptibility to attempted withdrawal, be as the regulation prescribed. If he wanted to preserve his commission, all he had to do was not submit a resignation.

■ The first amendment law since *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) has been that even one who holds his job on an at-will tenure is protected against discharge in retaliation for past exercise of first amendment rights, or to prevent such exercise in the future. In *Jackson v. United States,* 192 Ct.Cl. 765, 772, 428 F.2d 844, 848 (1970), we said:

> * * * [T]he constitutional protection of employees against removal because of petitioning for redress of grievance does not depend on the particular employee's status or tenure. * * *

Plaintiff, therefore, does not have to show that the regulation is invalid to litigate along this avenue. There is abundant evidence in the record, in the form of the comments of plaintiff's superiors, that his outspoken, and at times, harsh reports and denunciations were so galling they may have had a part in the advice to higher authority not to allow withdrawal of the resignation. We think the peculiar status of an officer who is attempting to withdraw a resignation is so parallel to that of the untenured or at-will employee, that *Perry v. Sindermann* applies. We make no finding as to the facts, and, of course, the officers concerned are entitled to a presumption of their good faith. But we cannot say plaintiff cannot prevail on any view

of the evidence a trier of fact may take. With the evidence as unstructured as it now is, it would be improper for us to comment on it more than to say plaintiff has a triable issue of fact.

Accordingly, we hold that the regulation is valid, but even so, plaintiff has a triable issue of fact, and, therefore, defendant's motion for summary judgment is denied and the cause is remanded to the trial division for further proceedings. After October 1, 1982, jurisdiction will pass to the new Claims Court.