**John J. BUSSA**

v.

**The UNITED STATES.**

No. 337–82C.

United States Claims Court.

Feb. 2, 1983.

---

Richard J. Swick, Washington, D.C., for plaintiff.

Judith E. Cohn, with whom was J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., for defendant; John T. Burton, Office of Judge Advocate Gen., Dept. of Army, Thomasville, N.C., of counsel.

## OPINION

WOOD, Judge:

In this action, before the court on cross-motions for summary judgment, plaintiff contends that notwithstanding his resignation as a captain, Regular Army, to accept an appointment (and to enter on active duty) as a second lieutenant, United States Army Reserve, effective June 26, 1974, in order to participate in a government-funded medical education program, he is entitled to the difference between the basic pay of a captain and the lesser amounts he was paid from June 26, 1974 to his graduation from medical school on May 21, 1978.[1]

The essence of plaintiff's position is that Department of the Army Message 201502Z, "Interim change to AR 601–112," dated March 20, 1974, announcing "major program changes effective date of this message" to Army Regulation (AR) 601–112, "Program for Medical, Osteopathic, Dental and Veterinary Education for Army Officers," dated July 28, 1972, was not properly applicable to him. Defendant contends that plaintiff's claim is barred by laches, but further asserts that in any event plaintiff has failed to state a claim upon which relief can be granted.

For the reasons hereinafter appearing, and without oral argument, it is concluded that plaintiff is not entitled to recover. Accordingly, the complaint will be dismissed.

## I

The facts material to a determination whether defendant is liable to plaintiff are not in dispute. On June 5, 1968, following graduation from the United States Military Academy, plaintiff was commissioned a second lieutenant, Regular Army.[2] He received a temporary promotion to the grade of first lieutenant, Army of the United States, June 5, 1969, and to captain, Army of the United States, June 5, 1970. He also received a permanent promotion to first lieutenant, Regular Army, July 6, 1971.

As promulgated July 28, 1972, AR 601–112 established a program through which outstanding Army officers might obtain a professional education in a duty status and

---

1. On graduation, plaintiff was appointed a captain, Army of the United States, and ordered to active duty as such.

2. Plaintiff has served on active duty in the Army continuously from June 5, 1968, to the present.

on a subsidized basis in return for an additional service commitment. For a time thereafter, the Army permitted its active-duty officers selected to receive an education through that program to retain whatever commissioned rank they had obtained upon entry therein.[3] The Navy's similar program, however, required that an officer with a rank above ensign (pay grade 0-1) resign his commission and enter the program as an ensign in order to participate therein.

During hearings in November 1973 on the Department of Defense 1974 Appropriations Bill, the House Appropriations Committee directed that the Army and Air Force "use the Navy procedures of paying personnel in these programs at the 0-1 level." H.R.Rep. No. 93-662, 93d Cong., 1st Sess., 51-52. Shortly thereafter, on March 20, 1974, the Department of the Army promulgated DA Message 201502Z, March 1974, "Subject: Interim change to AR 601-112."

Paragraph 1 of DA Message 201502Z, announced "major program changes effective date of this message." As plaintiff emphasizes, paragraph 1 also stated that "This message applies to those active duty officers who have submitted application for the program commencing in FY 1975 * * *." Paragraph 2 specified that any active-duty Army officer selected for participation "will enter the program" as a second lieutenant, United States Army Reserve;[4] that any such active-duty officer "will submit a qualified resignation of [his] current appointment and a request for appointment as 2LT, MSC [Medical Service Corps], USAR, with concurrent call to active duty"; and that an individual selected for participation who did not "elect to resign and request reappointment will not enter the program."

On May 10, 1974, plaintiff, then serving on active duty in the Army as a captain, Air Defense Artillery, tendered a qualified resignation of his Regular Army commission to accept an appointment as a second lieutenant, Medical Service Corps, United States Army Reserve, with a concurrent call to active duty under the provisions of DA Message 201502Z. Parenthetically, there is no indication in the record of an earlier "application for the program" from plaintiff. His qualified resignation was accepted effective June 25, 1974. Effective June 26, 1974, plaintiff accepted an appointment as a second lieutenant, Medical Service Corps, United States Army Reserve, with concurrent orders to active duty. He enrolled at the University of Texas School of Medicine on June 27, 1974, and began classes July 1, 1974.

Plaintiff remained a student at the University of Texas School of Medicine continuously to May 21, 1978, being promoted to first lieutenant, Army of the United States, effective June 26, 1976. Upon his graduation May 21, 1978, he was appointed a captain, Army of the United States, and ordered to active duty as such. He has thereafter continued to serve on active duty in the Army, and is presently serving in the grade of major.[5]

In September 1978, plaintiff's date of rank as a captain, Army of the United States, was corrected, for promotion purposes only, to reflect his prior service as captain. To and for some time after that correction, plaintiff made no claim that he had been underpaid while attending medical school. On December 21, 1978, however, plaintiff filed an application with the Army Board for Correction of Military Records (ABCMR) seeking the pay of a captain from June 26, 1974 to May 21, 1978. The asserted basis for that application was simply that his "mandatory reduction in grade" had been unfair; he did not then assert that AR 601-112, as changed by DA Mes-

---

3. The Air Force, which had a similar program, did so as well.

4. A second lieutenant was assigned to pay grade 0-1. See 37 U.S.C. § 201(a) (1976).

5. He completed an internship at Brooke Army Medical Center, San Antonio, Texas, in June 1979, and a three-year residency in opthalmology at Walter Reed Army Medical Center, Washington, D.C., in June 1982. He was then assigned to Womack Army Hospital, Fort Bragg, North Carolina.

sage 201502Z, effective March 20, 1974, had been erroneously applied to him.

Plaintiff's 1978 application to the ABCMR was denied May 9, 1979. On September 2, 1981, in a request for reconsideration of that decision, plaintiff took the position that DA Message 201502Z did not apply to him; that he should not have been required to enter the medical education program as a second lieutenant, United States Army Reserve; and that he should have been paid as a captain throughout his attendance at medical school. That request for reconsideration was denied April 14, 1982. This action was then commenced July 9, 1982.

II

Paragraph 1, DA Message 201502Z, promulgated March 20, 1974, provided in part that:

Pending revision of AR 601–112, announcement is made of major program changes effective date of this message. This message applies to those active duty officers who have submitted application for the program commencing in FY 1975 * * *.

Paragraph 2 provided that "All active duty officers selected for participation will enter the program in the grade of 2LT, USAR." Paragraph 2 also stated that any active duty officer selected for participation in the program must resign his current appointment and request appointment as a second lieutenant, USAR, and that any such individual who elected not to resign and request such an appointment "will not enter the program."

Plaintiff does *not* contend that the major program changes made effective March 20, 1974, were in any way unlawful, unauthorized, or otherwise improper. Focusing solely on the last quoted sentence of paragraph 1, to the exclusion of all else, he contends that because of his enrollment in the program as a medical student "commencing" June 27, 1974, just prior to the first day of fiscal year 1975, those changes were inapplicable to him; that his "forced" resignation as a captain was ineffective to deprive him

of the right to be paid as a captain during the four-year period for which he received only the basic pay of a lesser rank; and that this court has the power to rectify the situation by the entry of a money judgment.

In response, defendant raises a number of arguments in support of the proposition that plaintiff is not entitled to the relief he seeks. It is necessary for present purposes to delineate and discuss only one of them: that, contrary to plaintiff's assertion, the application to plaintiff of the provisions of AR 601–112, as amended (by interim change) effective March 20, 1974, was in no way "violative of governing law and regulation."

It may be that the "applies" sentence of paragraph 1, DA Message 201502Z, could have been drafted with greater skill and clarity. In balancing the propriety of a military personnel action against the terms of a regulation, however, it is scarcely appropriate to isolate one segment of the regulation to the exclusion of all else, especially where to do so would not only preclude a unified and rational interpretation but would result in an obviously unintended and unjustified result. *Reale v. United States,* 188 Ct.Cl. 586, 590–91, 413 F.2d 556, 558–59 (1969); *see also Indiana University v. United States,* 223 Ct.Cl. 88, 94, 618 F.2d 736, 739 (1980); *Doyle v. United States,* 220 Ct.Cl. 285, 315, 599 F.2d 984, 1003 (1979); *Weir v. United States,* 200 Ct.Cl. 501, 509, 474 F.2d 617, 621 (1973).

Viewing DA Message 201502Z as a whole, plaintiff's contention that the major program changes it promulgated were applicable only to officers who entered the program *after* July 1, 1974, is neither an accurate nor a justifiable one. Those changes were intended to, and did, take effect immediately. Pursuant to those changes, *all* active-duty officers thereafter entering the program were required (and properly so) to do so in the grade of second lieutenant, United States Army Reserve. The plain intent of the Department of the Army to make such a Congressionally directed change effective at once cannot be

doubted, nor can it be defeated by the happenstance that plaintiff entered the program a brief period prior to the commencement of fiscal year 1975.

Put in slightly different terms, the "major program changes" effected by DA Message 201502Z applied both to those active-duty officers who had *already* submitted an application to participate in the medical education program during FY 1975, and to those active-duty officers subsequently applying to participate in the program during the 1974–75 medical school academic year, without regard to whether an enrollment in a particular medical school might occur just before, on, or shortly after, July 1, 1974.[6] The "applies" language in paragraph 1 was not intended to, and did not, alter the effect of paragraph 2 as it affected plaintiff.

The validity of the conclusions stated above is strengthened when it is remembered that plaintiff was well aware of, and voluntarily acquiesced in, the requirement that he resign as a captain and accept orders to active duty as a second lieutenant as a precondition to entry into the wholly government-funded educational program. *See Cole v. United States,* 231 Ct.Cl. ——, ——, 689 F.2d 1040, 1041 (1982); *See* also *Honeywell, Inc. v. United States,* 228 Ct.Cl. ——, 661 F.2d 182, 186 (1981). *Cf. Weir v. United States, supra.* As the Court of Claims stated in *Cole,* if plaintiff "wanted to preserve his commission [as a captain], all he had to do was not submit a resignation."

Plaintiff has failed to establish that the course of events of which he complains was in any way legally erroneous, in violation of statute or regulation, or otherwise improper. Accordingly, and without reaching or resolving any of the other contentions advanced herein, plaintiff is not entitled to recover, and his complaint will be dismissed.

---

**6.** The administrative record strongly suggests that plaintiff's application was made May 10, 1974, *after* the effective date of DA Message 201502Z. Even if that application were made prior to March 20, 1974, however, the changes made therein were meant to apply to him, as well as to those whose applications to participate in the program came after March 20, 1974.