**Jill K. MASSIE, as mother and next friend of Autumn Massie, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 00–5042.**

United States Court of Appeals, Federal Circuit.

Sept. 25, 2000

R. Gordon Pate, Pate, Lloyd, Fuston & Cochrun, L.L.P., of Birmingham, Alabama, argued for plaintiff-appellant.

Domenique Kirchner, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; Robert Kirschman, Assistant Director; and Brian S. Smith, Attorney.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.

MAYER, Chief Judge.

Jill K. Massie, as mother and next friend of Autumn Massie, appeals the judgment of the United States Court of Federal Claims, 45 Fed. Cl. 213 (1999), which denied her request for a lump sum payment of damages for the government's breach of an agreement to pay a claim arising under the Military Claims Act, 10 U.S.C. §§ 2731–2738 (1994), and her request for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). We reverse and remand for entry of judgment in favor of Massie on both matters.

### Background

The facts of this case have been set out in detail, both in the opinion of the United States Court of Federal Claims and our opinion in *Massie v. United States*, 166 F.3d 1184 (Fed.Cir.1999) (*Massie I*). Therefore, only the facts sufficient for an understanding of the issues that give rise to this appeal will be discussed.

*Massie I* held that the 1986 settlement agreement the Massies entered into with the government for injuries sustained by Autumn Massie during her birth at a naval hospital gave the Court of Federal Claims jurisdiction under the Tucker Act, 28 U.S.C. § 1491, and that the government had not fulfilled its obligations under that agreement. Holding that the settlement agreement was a contract within the purview of the Tucker Act, and that by delegating its "unambiguously mandatory" duty to guarantee all the annuity disbursements due Massie to the Executive Life Insurance Company, the government was "not [absolved] … of its obligations," we reversed the judgment of the Court of Federal Claims, which had ruled to the contrary, *Massie v. United States*, 40 Fed. Cl. 151 (1997), and remanded the case. *See Massie I*, 166 F.3d at 1188–90.

On remand, the only issues remaining for the Court of Federal Claims were (1) the appropriate damages to be awarded to Massie, and (2) whether the government was liable for attorney's fees under the EAJA. Massie sought a lump sum payment to account for the disparity between the original and restructured annuities. Finding that awarding a lump sum payment would go beyond "making the plaintiff whole" and "could create a heightened monetary obligation for the government beyond the intent of the original settlement [agreement]," the Court of Federal Claims granted the government the option to fulfill its future obligations by the purchase of another annuity. It awarded Massie damages of $147,105.08, which was the shortfall between the payments that were to be provided in her original annuity package and the payments that she received as a result of the restructured annuity package. The trial court denied Massie's request for attorney's fees. This appeal followed.

### Discussion

■■■ Damages determinations by the Court of Federal Claims are reviewed under an abuse of discretion standard. *See Hughes Aircraft Co. v. United States*, 86 F.3d 1566, 1573 (Fed.Cir.1996), *vacated and remanded on other grounds*, 520 U.S. 1183, 117 S.Ct. 1466, 137 L.Ed.2d 680 (1997). Legal conclusions of the court, including conclusions of law underlying a

denial of attorney's fees, are issues over which we exercise plenary review. *See Ed A. Wilson, Inc. v. General Servs. Admin.,* 126 F.3d 1406, 1407 (Fed.Cir.1997). Following *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), this court reviews a trial court's determination of fees and expenses under the EAJA for an abuse of discretion. *See Levernier Const., Inc. v. United States,* 947 F.2d 497, 498 (Fed.Cir.1991).

■ 1. The Tucker Act is purely a jurisdictional statute, and the Court of Federal Claims, like all inferior federal courts, is a court of jurisdiction limited by what Congress allows. *See Southfork Sys. Inc. v. United States,* 141 F.3d 1124, 1132 (Fed.Cir.1998). Under the Tucker Act, the Court of Federal Claims has authority to render judgment upon any claim "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (1994). "The Supreme Court has interpreted this language to mean that a plaintiff who seeks redress in the Court of Federal Claims must present a claim for 'actual, presently due money damages from the United States.'" *Terran v. Secretary of Health and Human Servs.,* 195 F.3d 1302, 1309 (Fed.Cir.1999) (citing *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)); *see also United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Except in strictly limited circumstances, *see* 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief. *See King,* 395 U.S. at 4, 89 S.Ct. 1501 ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"); *Placeway Constr. Corp. v. United States,* 920 F.2d 903, 906 (Fed.Cir.1990).

■ It is apparent that, in fulfilling its obligation after remand from this court, the trial court strayed from the realm of legal remedies into that of equity. After summarizing the award against the government, the court stated that "[e]ach of the aforementioned payments will be made in accordance with the terms of the original settlement agreement." Indeed, throughout its opinion, the court focused on enforcing the original settlement agreement in accordance with the original intent of the parties to the extent it could, rather than deciding the issue before it, which was the appropriate damages due because of the government's breach of that very agreement.

By resurrecting the terms of a contract, which had been materially breached and was no longer in force, allowing it to govern the amount of and the manner by which the monetary award was to be paid, and by compelling Massie to accept performance under those terms, the trial court fashioned a form of specific performance, equitable relief, which it had no authority to order. The imposition of an equitable remedy in the circumstances here amounts to an abuse of discretion.

■ 2. "The EAJA allows a prevailing party in a suit against the United States to recover attorney's fees, unless the position of the government was substantially justified." *Bowey v. West,* 218 F.3d 1373, 1374 (Fed.Cir.2000) (citing 28 U.S.C. § 2412(d) (1994)). The mere fact that Massie was a prevailing party in *Massie I* does not force the conclusion that the government's position was not substantially justified. *Id.* at 1376–77. Determination of whether the position of the United States was substantially justified entails "[looking] at the entirety of the government's conduct [to] make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu v. United States,* 948 F.2d 711, 715 (Fed.Cir.1991). As a waiver of sovereign immunity, the EAJA is interpreted narrowly. But this is not a talisman for permitting the government to avoid liability in all cases. *See Ed A. Wilson, Inc.,* 126 F.3d at 1408.

**1322**

The purpose of the original settlement agreement was to guarantee the payment of a specified amount of money to provide for Autumn Massie: it was not reasonable for the government to argue, as it did, that its obligation ended with the purchase of an annuity from a private entity. After we reversed the decision of the trial court that granted the government's motion for summary judgment on this point, it was again unreasonable for the government to demand what effectively amounts to specific performance, a remedy beyond the jurisdiction of the trial court, and to persist in challenging Massie's entitlement to lump sum monetary damages, the traditional remedy for breach of contract. *See Jones & Laughlin Steel Corp. v. Pfeifer,* 462 U.S. 523, 533, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). It is no answer for the government to say that its position was reasonable because the trial court agreed with it; that is the very issue we are tasked with reviewing. While the trial court thought the agreement could be "interpreted in several ways," the law of this case is that the terms of the settlement agreement imposed an "unambiguously mandatory" duty on the government. To argue to the contrary was not reasonable, when the result would be to deprive the injured child of the benefits the government agreed she needed and for which it was responsible. We also think that the government's insistence on remand that Autumn Massie endure a remedy beyond the jurisdiction of the trial court added insult to her original injury, especially since her earlier agreement to such terms resulted in this extended litigation. Its position was not substantially justified.

### Conclusion

Accordingly the judgment of the United States Court of Federal Claims is reversed and the case is remanded for the entry of judgment in favor of the appellant by way of a lump sum payment which is the present value of the future annuity shortfalls, and for the payment of appellant's reasonable attorney's fees pursuant to the EAJA.

### COSTS

Appellant shall have her costs.

**REVERSED AND REMANDED.**