NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5022

TOMMY LEE STEVENS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Tommy Lee Stevens, of Mount Olive, North Carolina, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appeal from:  United States Court of Federal Claims

Judge George W. Miller

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5022

TOMMY LEE STEVENS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 09-CV-338, Judge George W. Miller.

_____

DECIDED: March 3, 2010

_____

Before MAYER, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Tommy L. Stevens, a pro se plaintiff-appellant, appeals the final judgment of the United States Court of Federal Claims dismissing Stevens' claims pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") for lack of jurisdiction. <u>See</u> <u>Stevens v. United States</u>, 2009 U.S. Claims LEXIS 408, at *12 (Fed. Cl. Oct. 28, 2009). Stevens brought several claims before the Court of Federal Claims but on appeal has raised only three issues: (1) whether the Court of Federal Claims correctly ruled that Stevens was not involved in a contract with the federal government; (2) whether the Court of Federal Claims possesses jurisdiction to provide a plaintiff with

an opportunity to testify before Congress; and (3) whether the Court of Federal Claims properly dismissed Stevens' claim against the U.S. Government for lack of jurisdiction because Stevens does not have a money mandating claim. For the reasons noted, we affirm the decision of the Court of Federal Claims.

BACKGROUND

Stevens asserts that in 1994 a man named Curtis Freeman attacked him and broke his leg and ankle as part of a conspiracy to implant him with an electronic chip. Freeman was allegedly charged with assault, but that charge was dropped. Since that time, Stevens has sought relief related to the alleged chip implantation in both state and federal court, but in each case the respective court has dismissed the case. See Stevens, 2009 U.S. Claims LEXIS 408, at *2–4 (discussing appellant's prior suits most of which were dismissed because appellant's "allegations were fanciful, fantastic and delusional").

In 2009, Stevens brought suit against the United States in the Court of Federal Claims. See id. at *1. In this suit, Stevens did not ask for monetary damages. Id. at *4. Rather, Stevens asked the Court of Federal Claims "to request that the U.S. Congress allow me to testify before them . . . [to] request a congressional investigation or what ever this court think [sic] is an appropriate way to investigate this matter." Id. at *4–5 (alteration in original) (quoting Compl. at 8). The Government moved to dismiss pursuant to RCFC 12(b)(1) asserting that the court lacked subject-matter jurisdiction. Id. at *5. The Court of Federal Claims granted the defendant's motion to dismiss finding that it lacked "jurisdiction to provide plaintiff an opportunity to testify before congress" because the court "does not possess authority to order 'equitable relief such as specific

performance, a declaratory judgment or an injunction.'" Id. (quoting Smalls v. United States, 87 Fed. Cl. 300, 307 (2009)). In response to defendant's motion to dismiss, Stevens alleged various claims including wrongful infliction of pain sounding in tort, a violation of privacy rights under the Fourth Amendment, violation of various criminal statutes, and a takings claim under the Fifth Amendment. Id. at *7–12. Each of these claims was denied by the court either for lack of jurisdiction or because Stevens had not provided sufficient evidence to support the claims. Id.

In addition, Stevens alleged that he was a party to a contract with the government or at least a third-party beneficiary of a contract between "presumably the Government and those he alleges are monitoring him." Id. at *8–9. The court ruled that there was no contract because Stevens "clearly maintains that he did not accept the offer." Id. at *9. The court also found that Stevens could not be a third-party beneficiary of a contract because he is harmed by the alleged contract, not benefited. Id.

Because Stevens sought relief and alleged claims over which the court did not have jurisdiction, the Court of Federal Claims granted the Government's motion to dismiss. Stevens then appealed to this court.

                                    DISCUSSION

This court has jurisdiction to review decisions of the Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3). We review the Court of Federal Claims' decision to dismiss for lack of subject-matter jurisdiction de novo. Mudge v. United States, 308 F.3d 1220, 1224 (Fed. Cir. 2002).

Stevens raises three issues on appeal: (1) whether the Court of Federal Claims correctly ruled that Stevens was not involved in a contract with the federal government;

2010-5022                                    3

(2) whether the Court of Federal Claims possesses jurisdiction to provide a plaintiff with an opportunity to testify before Congress; and (3) whether the Court of Federal Claims properly dismissed Stevens' claim against the U.S. Government for lack of jurisdiction because Stevens does not have a money mandating claim.

Stevens alleges that the Court of Federal Claims improperly found that Stevens was not a third-party beneficiary to an alleged contract. The Court of Federal Claims found that because Stevens alleges he has been harmed by the alleged contract he cannot be considered a beneficiary. Stevens, 2009 U.S. Claims LEXIS 408, at *9. Stevens contends, however, that despite the alleged harm he has suffered "It was intent [sic] that a third party benefit from this contract." Appellant's Br. at 2. For a person to be a third-party beneficiary, "the contract must show the intention of the contracting parties to provide a benefit to that person." Roedler v. Dept. of Energy, 255 F.3d 1347, 1352 (Fed. Cir. 2001). Because there is no evidence that a contract even exists, Stevens cannot show that under the alleged contract the contracting parties intended to provide a benefit to him. The Court of Federal Claims properly found that Stevens is not a third-party beneficiary to the alleged contract.

Stevens next argues that the Court of Claims erred by stating that it lacked jurisdiction to provide Stevens an opportunity to testify before Congress. Appellant's Br. at 2. Stevens provides no authority supporting this argument other than a statement from one of his prior cases that "it may well be that the plaintiff has exhausted all other avenues of relief." Stevens v. U.S. Senate Committee on the Judiciary, No. 08-2124 (D.D.C. Dec. 8, 2008). This statement cannot change the fact that the Court of Federal Claims is a court of limited jurisdiction only having "authority to render judgment upon

any claim 'founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (quoting 28 U.S.C. § 1491(a)(1)). "Except in strictly limited circumstances, there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." Id. (internal citation omitted).

Stevens next argues that his claim is a money mandating claim because "getting my complaint and I before the U.S. Congress should certainly result in a monetary award." Appellant's Br. at 3. For the Court of Federal Claims to provide money damages and therefore have jurisdiction under 28 U.S.C. § 1491, however, "the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." United States v. Mitchell, 463 U.S. 206, 216–17 (1983) (internal quotation marks omitted). The only source of law that Stevens has relied on is contract law, and as discussed above, there is no evidence of a contract to support his claim.

This court finds that Stevens has not presented a claim pursuant to 28 U.S.C. § 1491 over which the Court of Federal Claims has jurisdiction. Therefore, we affirm the decision of the Court of Federal Claims dismissing appellant's complaint for lack of jurisdiction.

No costs.