NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**CAPTAIN ROSS E. JOSLYN,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2010-5080

---

Appeal from the United States Court of Federal Claims in Case No. 08-CV-925, *Chief Judge* Emily C. Hewitt.

---

Decided: May 13, 2011

---

MICHAEL D.J. EISENBERG, Law Office of Michael D.J. Eisenberg, of Washington, DC, argued for plaintiff-appellant.

JAMES P. CONNOR, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before GAJARSA, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Plaintiff Captain Ross E. Joslyn ("Captain Joslyn") appeals the decision of the United States Court of Federal Claims ("trial court") dismissing his complaint for lack of jurisdiction and, alternatively, granting judgment on the administrative record in favor of defendant United States. *Joslyn v. United States*, 90 Fed. Cl. 161 (2009). Captain Joslyn also appeals the trial court's denial of transfer. For the reasons stated below, we *affirm-in-part* and *vacate-in-part*.

## BACKGROUND

Captain Joslyn is a veteran of Operation Iraqi Freedom, and he obtained the rank of Captain in the U.S. Army. During his tour in Iraq, he was involved in a Bradley Fighting Vehicle roll-over accident, and was treated for possible neck and back injuries. Following significant combat operations, including the death of a member of his platoon, Captain Joslyn was removed from his position as a platoon leader as his performance as a leader and infantryman deteriorated.

After service in Iraq, Captain Joslyn was assigned to Fort Hood, Texas where, in 2004 and 2005, he received "outstanding" evaluations on his Officer Evaluation Reports ("OER"). He was then transferred to the University of Texas at Arlington to serve as an assistant ROTC instructor. In 2006, however, Captain Joslyn received an "unsatisfactory" evaluation on his OER, apparently based

3

on problems with his level of physical fitness. According to Captain Joslyn, on or about May 1, 2007, his commander, Lieutenant Colonel Scott Baker, advised him "that if he did not retire out of the military, he would receive a negative [OER]." Compl. ¶16. Subsequently, Captain Joslyn tendered his unqualified resignation on June 27, and contemporaneously was given a "satisfactory" evaluation on his OER. Although his resignation was approved on August 7, 2007, he remained on active duty.[1]

On December 12, 2007, a military psychiatrist found that "with a reasonable degree of medical certainty . . . [Captain] Joslyn is suffering from chronic post-traumatic stress disorder [("PTSD")] and it is affecting his ability to function in the military setting." J.A. 162. The psychiatrist also noted that Captain Joslyn had been treated for PTSD since May 2006. She ultimately concluded that Captain Joslyn failed to meet retention standards and referred him for a disability evaluation.

In March 2008, a military orthopedic physician provided a Medical Evaluation Board ("MEB") report on Captain Joslyn. The report identified Captain Joslyn as having "lumbar degenerative disk disease with facet arthrosis," "left anterior knee pain," and "right knee status post anterior cruciate ligament reconstruction." J.A. 167. The report concluded that Captain Joslyn "is unable to fulfill the requirements of his [Military Occupational Specialty] secondary to the pain in his back and now in his left knee." *Id.* On review, the MEB determined that Captain Joslyn's PTSD, lumbar degenerative

---

[1] Captain Joslyn's discharge was originally scheduled for May 1, 2008, but he subsequently received a series of medical extensions. In June 2008, he was reassigned to the Fort Hood separation transfer point until his discharge on December 31, 2008.

disk disease, and left anterior knee pain were "medically unacceptable" in accordance with Army Regulation 40-501, and referred him to a Physical Evaluation Board ("PEB"). J.A. 94.

Captain Joslyn's medical records were forwarded to the PEB, along with memoranda from Captain Joslyn's previous commanders and his OERs. Major Weinrich, Captain Joslyn's commander in Iraq, provided a memorandum verifying Captain Joslyn's combat experience, the loss of one of his men, and his removal from his position as a platoon leader. He also provided a second memorandum verifying the Bradley Fighting Vehicle accident and confirming that Captain Joslyn was evaluated for neck and back injuries following the accident. Major Weinrich stated that, although he was unaware of Captain Joslyn's current condition, he "believe[d] the accident may have caused injuries that now affect [Captain Joslyn's] ability to perform his current duties . . . ." J.A. 133. A memorandum from Lieutenant Colonel Baker was also included, in which he noted that Captain Joslyn, while no longer working at the University of Texas at Arlington, "has the current ability to perform the duties normally expected of a junior Captain in the U.S. Army." J.A. 76. Lieutenant Colonel Baker's memorandum was also forwarded to the Army psychiatrist who initially evaluated Captain Joslyn. After reviewing Lieutenant Colonel Baker's letter, the psychiatrist nevertheless maintained her conclusion that Captain Joslyn did not meet retention standards, and submitted a memorandum to the PEB so stating.

In May 2008, an informal PEB concluded that Captain Joslyn was fit for duty. He then requested a formal hearing. Captain Joslyn's request was granted, and he appeared before a formal PEB. The record of the PEB proceedings notes

> [Captain Joslyn's] record demonstrates that he has performed his duties in a satisfactory manner during the entire timeframe that he has had the symptoms of PTSD, low back pain, and left knee pain. His OERs and Commander's letter show no adverse impact on his performance. Although [Captain Joslyn] states that he has no responsibilities other than to check on the supply room, this is not unexpected since he put in his resignation in May 2007 . . . .

J.A. 57. The PEB issued its final determination on July 1, 2008, again finding Captain Joslyn fit for duty. In rebuttal, Captain Joslyn submitted two additional memoranda, both from Major (Retired) Ricardo Diaz, Commandant of Cadets at the University of Texas at Arlington. Major Diaz identified numerous deficiencies in Captain Joslyn's performance, and concluded that Captain Joslyn "has performed his duties in a[n] unsatisfactory manner." J.A. 53. Although untimely, the PEB considered the rebuttal memoranda, but did not change its findings.

On November 7, 2008, Captain Joslyn requested to withdraw his resignation. This request was not supported by his commanders. Indeed, one commander noted that Captain Joslyn "is currently being considered for [Uniform Code of Military Justice] for adverse actions," and another noted that Captain Joslyn "cannot accomplish the simplest of tasks." J.A. 43. He was honorably discharged from the Army on December 31, 2008.

Captain Joslyn filed his complaint with the Court of Federal Claims on December 30, 2008, immediately prior to his discharge. The complaint pled the Tucker Act as the basis for jurisdiction. Compl. ¶ 2. It then repeatedly stated that "[t]his is an action seeking judicial review under § 706 of the Administrative Procedure Act

[("APA")]." Compl. ¶¶ 4-8. Each of the four claims for relief similarly asserted that particular actions "must be set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)." Compl. ¶¶ 33, 35, 37, 39.

The United States moved to dismiss the action pursuant to RCFC 12(b)(1) and, alternatively, for judgment on the administrative record. The trial court granted both motions. In its opinion, the trial court first found that it lacked jurisdiction because the complaint failed to identify a money mandating statute as required to support an allegation of jurisdiction under the Tucker Act. *Joslyn*, 90 Fed. Cl. at 178. Then, in the alternative, the trial court inferred that Captain Joslyn's first and fourth claims for relief were intended to set forth claims under 10 U.S.C. § 1201 and 37 U.S.C. § 204, both of which are money-mandating, and proceeded to grant judgment on the administrative record for the inferred claims. *Id.* at 181, 184. The trial court also granted judgment on the administrative record on Captain Joslyn's second and third claims for relief as pled under the APA, i.e., without inferring a cause of action under any other statute. *Id.* at 184-85. Finally, the trial court decided that transfer to a district court was not appropriate. *Id.* at 185.

Final judgment dismissing the claims with prejudice was entered, and Captain Joslyn filed a timely appeal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

STANDARD OF REVIEW

This court reviews de novo a dismissal by the Court of Federal Claims for lack of jurisdiction. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008). In doing so, we must "assume all factual allegations to be true and . . . draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d

795, 797 (Fed. Cir. 1995). If jurisdiction is lacking, we review a grant or denial of transfer for abuse of discretion. *Rick's Mushroom Serv.*, 521 F.3d at 1342.

ANALYSIS

I.

The Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States* , 226 F.3d 1318, 1321 (Fed. Cir. 2000); *see also United States v. King*, 395 U.S. 1, 2-3 (1969). As the plaintiff, Captain Joslyn had the burden of establishing the court's jurisdiction. *Strategic Hous. Fin. Corp. of Travis Cnty. v. United States*, 608 F.3d 1317, 1332 (Fed. Cir. 2010); *see also* RCFC 8(a). He failed to do so.

Captain Joslyn's complaint identifies the Tucker Act, 28 U.S.C. § 1491(a)(1), as the basis for the jurisdiction of the Court of Federal Claims over his complaint. As we have explained, however, the Tucker Act only waives the sovereign immunity of the United States. *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005). The plaintiff can only obtain relief pursuant to a money mandating statute. *Id.*

After pleading the Tucker Act as the basis for jurisdiction, Captain Joslyn's complaint repeatedly asserted that "[t]his is an action seeking judicial review under § 706 of the APA." Compl. ¶¶ 4-8. Similarly, each of his four claims for relief asserted that the action(s) in question "must be set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)." Compl. ¶¶ 33, 35, 37, 39. We have held, however, that the APA is not a money mandating statute. *See Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) ("The APA does not authorize an award of money damages at all; to the contrary, section 10(a) of the

APA, 5 U.S.C. § 702, specifically limits the Act to actions 'seeking relief other than money damages.'").

Other than the Tucker Act and the APA, Captain Joslyn's complaint cites only two statutes: 28 U.S.C. § 2501 and 28 U.S.C. § 1346(a)(2), a limitations provision and the Little Tucker Act, respectively. Neither is money mandating. We therefore agree with the trial court that Captain Joslyn failed to identify a money mandating source of law, and we affirm the dismissal of Captain Joslyn's claims for lack of subject matter jurisdiction.

## II.

After finding that it lacked jurisdiction, the trial court considered whether it should transfer Captain Joslyn's claims to another court. *Joslyn*, 90 Fed. Cl. at 185-86. The requirements for transfer are defined by statute:

> Whenever a civil action is filed in a court as defined in [28 U.S.C. § 610] . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought at the time it was filed . . . .

28 U.S.C. § 1631. Three elements are apparent: (1) the transferor court must lack jurisdiction, (2) the transferee court must have had jurisdiction at the time of filing, and (3) transfer must be in the interest of justice. Because we agree that the trial court lacked jurisdiction, we analyze the jurisdiction of the potential transferee court, i.e., a federal district court.

Reviewing the jurisdiction of the potential transferee court, we first analyze whether a district court would have jurisdiction over Captain Joslyn's claims for "back benefits, pay, and interest" as pled. Compl. ¶ 9. The

9

complaint alleges that the "amount in controversy is over $10,000." *Id.* The district courts therefore lack jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which limits their jurisdiction to claims against the United States not exceeding $10,000.

Because it was explicitly pled, we also analyze whether a district court would have jurisdiction over Captain Joslyn's claims under the APA. Judicial review under the APA is only available when "there is no other adequate remedy in a court." 5 U.S.C. § 704. In this case, 10 U.S.C. § 1201 and 37 U.S.C. § 204 provide Captain Joslyn with an adequate remedy in the Court of Federal Claims for his first and fourth claims for relief.[2] A dis-

---

[2] In his response to the Motion to Dismiss, Mr. Joslyn argued that he "implicitly sues under the Military Pay Act, 37 U.S.C. § 204." Motion Response (D.I. 25) at 6. But after reciting the text of 37 U.S.C. § 204, he states that he "is clearly stating a claim under his retirement pay, e.g., his military medical retirement." *Id.* at 7. Mr. Joslyn's brief thus identifies two distinct claims, *see Chambers*, 417 F.3d at 1224, both of which properly belong in the Court of Federal Claims. We agree that three of Mr. Joslyn's arguments—that his "satisfactory" OER was inaccurate, that the finding of fitness was not supported by substantial evidence, and that his fitness for duty was judged against the wrong set of duties—are articulable under 10 U.S.C. § 1201. *Cf. Roth v. United States*, 378 F.3d 1371, 1381-82 (Fed. Cir. 2004) (requiring that documents "fairly portray the officer's record"). We also agree that Mr. Joslyn's challenge to the military's denial of his request to withdraw his resignation is articulable under 37 U.S.C. § 204. *Cf. Cole v. United States*, 689 F.2d 1040, 1041 (Ct. Cl. 1982) (noting the military's discretion in permitting an officer to withdraw his resignation). Properly pled, such claims could provide Mr. Joslyn with an adequate remedy. But given his apparent confusion over the distinction, we decline to overlay the complaint's express citations to the APA with our own view of his claims. In support of our decision to refrain,

trict court would thus be barred from entertaining Captain Joslyn's claims under the APA. *See Smith v. Sec'y of Army*, 384 F.3d 1288, 1292 (Fed. Cir. 2004). Because the potential transferee court would lack jurisdiction, the trial court did not abuse its discretion by declining to transfer Captain Joslyn's first and fourth claims for relief.

Captain Joslyn's second claim for relief—that a second MEB was not properly concluded—and third claim for relief—that he was arbitrarily denied a medical extension—do *potentially* sound under the APA; they therefore require a more detailed analysis. Although a court is generally prohibited from reaching the merits of a claim after determining that it lacks jurisdiction, the "interest of justice" prong of 28 U.S.C. § 1631 provides jurisdiction for a limited review. *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999). If the limited review reveals that the case is a sure loser in the potential transferee court, then the transferor court should dismiss the case. *Id.* Here, the trial court found that the administrative record was completely void of evidence that Captain Joslyn was referred to a second MEB. *Joslyn*, 90 Fed. Cl. 184-85. The trial court also found the record void of evidence that Captain Joslyn requested an extension of his discharge date past December 31, 2008. *Id.* Given the complete absence of evidence supporting Captain Joslyn's second and third claims for relief, a transferee court would almost certainly grant judgment on the administrative record in favor of the United States. The trial court therefore did not abuse its discretion by declining to transfer these two claims.

---

we note that Mr. Joslyn never attempted to amend his complaint to reflect the claims he identified in his brief. *See* RCFC 15.

### III.

Having properly determined that it lacked jurisdiction, 28 U.S.C. § 1631 conferred upon the trial court authority to make a single decision: "whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction." *Christianson v. Colt Indus. Op. Gp.*, 486 U.S. 800, 818 (1988). The portion of the trial court's opinion granting judgment on the administrative record exceeded this limited grant of authority. We therefore vacate the trial court's grant of judgment on the administrative record. *Strategic Hous. Fin. Corp.*, 608 F.3d at 1332; *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (the requirement that a court address a Rule 12(b)(1) motion before other Rule 12 motions "prevents a court without jurisdiction from prematurely dismissing a case with prejudice").

### CONCLUSION

We affirm the dismissal of Captain Joslyn's claims for lack of jurisdiction. The trial court therefore did not have jurisdiction to grant judgment on the administrative record, so we vacate that judgment. We also affirm the trial court's decision not to transfer Captain Joslyn's claims to a federal district court. Because Captain Joslyn's claims are dismissed without prejudice, he may file a new, properly drafted complaint unless his claims are time-barred.

No costs.