NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHLEEN DUNCAN,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5066

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-698, Judge Christine O.C. Miller.

---

Decided: November 14, 2011

---

KATHLEEN DUNCAN, Birmingham, Alabama, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before BRYSON, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

Kathleen Duncan appeals the decision of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. We have jurisdiction to review this final decision of the Court of Federal Claims based on 28 U.S.C. § 1295(a)(3). Because we agree that the United States Court of Federal Claims did not have jurisdiction over Ms. Duncan's claim, we *affirm*.

## I. BACKGROUND

On October 13, 2010, Ms. Duncan filed a complaint in the Court of Federal Claims against the United States. Ms. Duncan's complaint does not include a statement setting forth the grounds for the Court of Federal Claims' jurisdiction, the basis for her claim, or the relief she was seeking but instead consists of a variety of documents that appear to relate to Ms. Duncan's efforts to receive certain compensation as a victim of a crime. For example, in her complaint Ms. Duncan provides a letter dated February 17, 2005, addressed to Ms. Duncan from the Federal Bureau of Investigation ("FBI") informing Ms. Duncan that her name had been referred to the FBI as a possible victim of a crime and further instructing Ms. Duncan that she had certain rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771. The paragraph listing a victim's rights under the Act is circled and starred, apparently by Ms. Duncan. Ms. Duncan's complaint additionally includes several documents connected to a claim Ms. Duncan filed before the Alabama Crime Victims' Compensation Commission, which was denied.

The government filed a motion to dismiss Ms. Duncan's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. On January 18, 2011, the court ordered Ms. Duncan to respond to the government's motion by January 31, 2011. On January 28, 2011, Ms. Duncan filed a one-page response, explaining that she chose to file suit in the Court of Federal Claims because of difficulties she encountered while attempting to pursue her claim in Alabama: "After all I been through with this state (Alabama) court and attorney general that's why I filed in your court."

In an order dated January 31, 2011, the Court of Federal Claims dismissed Ms. Duncan's complaint without prejudice based on lack of subject matter jurisdiction. The court noted that Ms. Duncan's letter failed to address the government's arguments for dismissing Ms. Duncan's complaint. Additionally, it reviewed Ms. Duncan's complaint and explained that 18 U.S.C. § 3771, the statute cited by Ms. Duncan, is part of the United States Criminal Code. As a result, the court concluded that it did not have jurisdiction to address Ms. Duncan's claim. Ms. Duncan subsequently appealed to this court.

## II. DISCUSSION

We review the Court of Federal Claims' dismissal of a claim for lack of subject matter jurisdiction without deference. *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007). The Court of Federal Claims is a court of limited subject matter jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). In other words, the Court of Federal Claims only has the authority (i.e., jurisdiction) to hear certain types of cases. Under the Tucker Act, the Court of Federal Claims has jurisdic-

tion over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is only a jurisdictional statute and does not create any substantive rights against the United States. Rather, a plaintiff trying to sue the United States in the Court of Federal Claims first must "identify a substantive right *for money damages against the United States* separate from the Tucker Act itself," before the Court of Federal Claims can address a plaintiff's claim. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (emphasis added).

Liberally construing Ms. Duncan's complaint, Ms. Duncan appears to assert a claim against the United States under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Based on the plain language of the Act, we agree with the Court of Federal Claims that it does not have jurisdiction to address this claim. Section 3771(d)(6) of the Act clearly states that the Crime Victims' Rights Act does not create a cause of action against the United States for money damages: "Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages."

Moreover, to the extent that Ms. Duncan is seeking to enforce certain rights to victims outlined in the Crime Victims' Rights Act, the proper forum for enforcing those rights is not the Court of Federal Claims but instead "the district court in which the defendant [i.e., the person accused of the underlying crime] is being prosecuted for

the crime or, if no prosecution is underway, . . . the district court in the district in which the crime occurred." 18 U.S.C. § 3771(d)(3). We have considered Ms. Duncan's additional arguments and find they also lack merit. Consequently, because the Court of Federal Claims did not have subject matter jurisdiction over Ms. Duncan's claim, it properly dismissed her complaint.

For those reasons, we affirm the judgment of the Court of Federal Claims.

COSTS

Each party shall bear its own costs.

**AFFIRMED**